No. 3142.—Peter Anderson v. Carroll, Hoy & Co.

Real property in possession of a party, under a recorded title translative of property, can not be seized by a judgment creditor of the former owner, unless it be shown that the sale was simulated. The question, whether the judgment under which the sale was made, is null because it was revived on insufficient evidence, and whether the sale is null because the sheriff failed to observe all the forms of law in making the seizure, etc., can not be inquired into, collaterally, by a judgment creditor, who has caused the property to be seized without any reference to the sale. Such questions can only be examined in a direct action brought to annul the judgment or the sale made under it.

APPEAL from the Ninth District Court, parish of Rapides. *Osborn*, J. *Thomas C. Manning*, for plaintiff and appellee. *R. A. Hunter* and *R. J. Bowman*, for defendants and appellants.

Wyly, J. The plaintiff enjoined the sale of a plantation in the parish of Rapides, seized by the defendants as the property of their judgment debtor, Mrs. Eliza Seip, on the ground that the same belonged to him, having been purchased several months previous, under the judgment of A. J. Dennistoun & Co. *v.* Eliza Seip, which said judgment the plaintiff avers is superior in rank to that which the defendants are attempting to execute.

The answer is the general denial; the allegation, that the sale to the plaintiff was a simulation; and also that its nullity should be declared for the following causes, to wit:

*First*—Because the sheriff never made an actual seizure by taking possession of the property.

*Second*—Because the pretended bid of the plaintiff was made for him by the sheriff as his agent at the sale.

*Third*—Because the judgment of the defendants is based on a special mortgage, superior in rank to that under which the plaintiff purchased, the bid by the latter being less than the amount of this special mortgage.

*Fourth*—Because the judicial mortgage of A. J. Dennistoun & Co. was not properly reinscribed and the judgment was revived under the act of 1853 on insufficient evidence.

The court perpetuated the injunction and the defendants have appealed.

The evidence shows that the plaintiff was in possession under a recorded title and there was no simulation as charged; that he purchased under a judgment and mortgage ostensibly valid and superior in rank to that of the defendants. Such a title can not be treated as an absolute nullity; it can not be attacked collaterally. Actual contracts, even though made in fraud of the rights of creditors, can not be annulled, except by a direct action.

Whether the mortgage under which the plaintiff purchased, was properly reinscribed, or whether the judgment was revived upon insufficient evidence or not, are questions that can not be inquired into in this form of attack.

The defendants must proceed by a direct action, if they wish the grounds of nullity set up by them to be inquired into.

Let the judgment of the court below be affirmed with costs.