No. 3753.—TONEY DOHERTY et als. *v.* F. V. LEAKE, Sheriff, et als.

A party in possession of real property under a recorded title ostensibly valid, can not be disturbed by any collateral proceedings instituted for the purpose of invalidating his title. Any inquiry looking to the nullity of such a title can only be entertained under the direct form of action. 23 An. 175

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Ratliff*, J. *Wickliffe & Fisher*, for plaintiffs and appellees. *Samuel J. Powell*, for defendants and appellants.

WYLY, J. The plaintiffs injoin the sheriff and the other defendants from selling the plantation described in the notice of seizure annexed to the petition, on the ground that it belongs to them and not to the seized debtor, Mrs. Charlotte Doherty, they having acquired a valid title thereto under execution of the judgment of George Jackson *v.* the said Charlotte Doherty, which judgment was superior in rank to that of the defendants.

The defendants deny that the plaintiffs have title to said property; and aver that the judgment under which they purchased it was at the time prescribed, that more than ten years elapsed before the suit for revival of the judgment was instituted; and although execution issued after the judgment of revival and the property was regularly adjudicated to the plaintiffs, their title was an absolute nullity. The court perpetuated the injunction, and the defendants appeal.

In Anderson *v.* Carroll, Hoy & Co., 23 An. 175, this court said: "The evidence shows that the plaintiff was in possession under a recorded title and there was no simulation as charged; that he purchased under a judgment and mortgage ostensibly valid and superior in rank to that of the defendants. Such a title can not be treated as an absolute nullity, it can not be attacked collaterally. Actual contracts even though made in fraud of the rights of creditors, can not be annulled except by a direct action. Whether the mortgage under which the plaintiff purchased, was properly reinscribed, or whether the judgment was revived upon insufficient evidence or not, are questions that can not be inquired into in this form of attack."

Here the plaintiffs are in possession under a recorded title ostensibly valid, and under a judgment superior in rank to that of the defendants. This is an actual contract that can not be attacked collaterally under the settled jurisprudence of the State.

Judgment affirmed.