## No. 1312.

### OLIVIA McCALL VS. A. B. IRION ET AL.—CHAFFE ET AL. WARRANTORS.

In a petitory action, exceptions filed by a defendant, the allegations of which, to be sustained, require the introduction of evidence of title upon which the exceptor must rely to maintain himself in the possession and ownership of the property, should be referred to the merits.

A party in possession of immovable property by an apparent judicial title cannot force the plaintiff to a trial on an exception that he must first bring a separate and distinct action to annul the judicial proceeding under which defendant relies for title.

Such a proceeding affords the defendant alone an opportunity to offer his evidence of title.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Overton, J.

E. North Cullom, Jr., for Plaintiff and Appellant.

Thorpe & Peterman and A. B. Irion for Defendants and Appellees.

The opinion of the Court was delivered by

McENERY, J.   John Graham Wilson purchased, in 1857, from Sarah Akenhead, wife of John Akenhead, immovable property, situated in the parish of Avoyelles, one mile below Holmesville, containing some eighteen or nineteen hundred acres, being the undivided half of the Revelry plantation, for the price of sixty thousand dollars, payable in instalments, the last for $18,600 falling due on the 1st of April, 1861.

The notes were secured by mortgage and vendor privilege.   John G. Wilson failed to pay the last note.   Sarah Akenhead died shortly after her sale of the property to Wilson.

John G. Wilson confessed judgment on said note, with recognition of mortgage and vendor's privilege, in favor of George R. King, the executor of Mrs. Sarah Akenhead.   Judgment was obtained on this confession, and it was made executory on the 31st of October, 1886. Execution issued on the judgment, and the property described in the act of mortgage, the undivided half of Revelry plantation, was seized and sold at sheriff's sale on the 5th day of January, 1857.

Walter Akenhead and Sarah McMoth were the last and highest bidders, and the property was adjudicated to them for the price of $4500.   In his return on the execution, the sheriff stated that the purchasers had failed to comply with their bid.   Walter Akenhead and Sarah McMoth, however, entered into possession of the property.

The sheriff's deed to them was never recorded until after the institution of the suit.

Walter Akenhead died in 1879, and his portion of the property was sold at succession sale and purchased by Henry M. Payne, on the 22d

day of November, 1879. Payne sold this portion to A. B. Irion, on the 24th day of February, 1861. Mrs. Elizabeth McMoth's portion was seized and sold under a writ of *fi. fa.* issued in execution of the judgment of Gertrude B. Akenhead, tutrix, vs. William and Jennie McMoth, and was purchased by John Chaffe & Sons, who sold the property to Thomas D. Miller. A. B. Irion and Thomas D. Miller are the present possessors of the property acquired by John G. Wilson from Mrs. Sarah Akenhead. John G. Wilson died in the city of New Orleans in 1879.

Mrs. Olivia McCall, the plaintiff, instituted this suit against A. B. Irion and Thomas D. Miller, the parties in possession of said property and alleges in her petition that she is the sister and only legal heir of John G. Wilson ; that her deceased brother was the owner of the property acquired by him from Sarah Akenhead until the day of his death, the 14th day of February, 1879. She alleges that he had never been divested of ownership of said property by legal process or conventional transfer, and that on or about the 5th day of January, 1867, Elizabeth McMoth and Walter Akenhead, during the absence of her brother from the parish of Avoyelles, took possession of the undivided half of the property known as the Revelry plantation, and that they never acquired title to said property or any portion thereof, and that, having no right or title to said property, they could not convey a legal title to said property, and that Alfred B. Irion and Thomas D. Miller are in possession of said property without legal right, and that they are possessors in bad faith. She prayed for judgment decreeing her to be the owner of said property and for a moneyed judgment against each of the defendants.

The defendants, Irion and Miller, answered and called their vendors in warranty, H. M. Payne, warrantor of A. B. Irion, and John Chaffe, Christopher Chaffe and W. H. Chaffe composing the firm of John Chaffe & Sons, the warrantors of Thomas D. Miller. The warrantors appeared and excepted to the action. They allege that Walter Akenhead and Elizabeth McMoth became the purchasers of said property at a judicial sale and obtained a regular sheriff's deed to the same, and that the plaintiff cannot ignore the judicial proceedings by which John G. Wilson was divested of his title and possession, nor can she contest said proceedings in any other way than by a direct action to *cancel* and set them aside, and prayed for a dismissal of the suit. The plaintiff filed a motion to refer this exception to the merits. The motion was overruled. On the trial of the exception, judgment was

rendered in favor of the warrantors. From this judgment the plaintiff has appealed.

The plaintiff's suit is a petitory action founded upon the title which her brother, John G. Wilson, acquired by purchase from Sarah Akenhead, and with which she says he never parted by any legal process or conventional transfer. There is no allegation in the petition of the facts disclosed on the trial of the exception. The defendants and warrantors on the trial of the exception, by *documentary* and oral evidence, set out the title upon which they, on the trial on the *merits*, would rely to be maintained in the possession and the ownership of the property.

The plaintiff could not, on the trial of the exception, offer any evidence as to her title. The exception alleged matters which it required evidence to sustain, and of such a character as could only be considered on the trial of the case when at issue and on the merits. The authorities referred to by appellees to support the position taken by them on the exception, were all cases in which there was a trial on the merits, and do not sustain the position that, before bringing this suit, the plaintiff was required to bring a separate and distinct suit to set aside the judicial proceedings under which Walter Akenhead and Sarah McMoth went into the alleged ownership and possession of the property.

The judge *a quo* erred in annulling the motion to refer the exception to the merits.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and this case be remanded to the lower court to be proceeded with according to law, the appellees to pay costs of the appeal.

FENNER, J., recused on the ground of affinity to Warrantor Payne.