# Ellis & Co. *v.* Brannon, *et al.*

## Aition on Bond.

### (Decided May 24, 1909. 49 South. 1034.)

1. *Appeal and Error; Decisions Reviewable; Refusal to Set Aside Dismissal.*—An appeal will not lie from an order declining to set aside a judgment of dismissal since it is neither a final judgment nor such an interlocutory judgment as authorizes an appeal.

2 *Same; Procedure After Demurrer.*—Where demurrers are sustained to a complaint, a plaintiff may decline to plead further and suffer judgment, from which an appeal will lie; or the plaintiff may amend by pleading over as a matter of right without waiving the privilege of assigning the former judgment as error. (Sec. 5370, Code 1907.)

3. *Same; Review; Dismissing for Want of Prosecution.*—An order dismissing the cause for want of prosecution is a final order from which an appeal will lie, but on such appeal, no question will be reviewed except the action of the court in dismissing the appeal; the court's action in sustaining or overruling demurrers prior to such order will not be reviewed.

4. *Judgment; Res Adjudicata; Dismissal for Want of Prosecution.*—A judgment of dismissal for want of prosecution is not a bar to a subsequent action by the plaintiff.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by J. B. Ellis & Co., against D. F. Brannon and others as sureties on the bond of John W. Greene, agent for an insurance company. From a judgment dismissing the suit plaintiffs appeal. Affirmed.

D. B. COBBS, for appellant.—The court erred in sustaining demurrers to the complaint.—*Morrisette v. Wood,* 128 Ala. 507; *Phoenix I. Co. v. Copeland,* 90 Ala. 386. Counsel discuss other assignments of error, but without citation of authority.

McINTOSH & RICH, for appellee.—The action of the court in refusing to grant the order asked for will not support an appeal, and it should be dismissed. Counsel discuss the assignments of error on the merits of the case, but it is deemed unnecessary to set it out.

MAYFIELD, J.—This was an action by the appellees against appellants claiming damages for the breach of a bond executed by the defendants as sureties for one John W. Green, payable to the Fidelity Mutual Life Insurance Company, which was alleged to be assigned by the insurance company to the plaintiffs.

The bond is not set out in full nor is any part thereof set out in hæc verba, but there are various allegations as to the conditions of the bond. In short and in substance, the bond was one conditioned for the faithful performance of certain duties by the said John W. Green, who was apppointed or to be appointed an agent for the life insurance company. The bond and alleged contract contain various, sundry, and divers conditions too numerous to mention. Only one breach of the condition of the bond is alleged, which is as follows: "And plaintiffs aver that the condition of said bond has been broken in this, that said John W. Green, his heirs, executors,

[Ellis & Co. v. Brannon, et al.]

administrators, or any of them, has not paid or caused to be paid to the said company, or its legal representatives, said sum of, to-wit, $1,252.64, nor any part thereof, though often thereto requested and demanded."

The second count claims $500 as damages as the assignees of the same bond, executed by the defendants as sureties of one John W. Green, payable to the Fidelity Mutual Life Insurance Company, and the conditions which are alleged in this count are substantially those in the other counts. This count avers that on the 9th day of September, 1908, the said insurance company appointed the plaintiffs the representatives of that company, to solicit, in person or through their agents or helpers, applicants for insurance in that company, and to collect premiums, and pay over the same forthwith to the company, less commissions, etc.; that thereupon the plaintiffs became the managing agents of the said insurance company, and that the plaintiffs, being the representatives of said insurance company under said appointment and agreement, afterwards, on the 21st day of October, 1905, made a contract with the said John W. Green in the regular form prescribed by the company for such subagents; and that said Green made the bond now sued on, with the defendants as his sureties, in the form prescribed by the company, by which contract he was employed and agreed, as their agent, to solicit applicants for insurance, to collect and pay over to plaintiffs the premiums, less his commissions, and to abide by the company's rules and regulations, setting out at great length the contract with the numerous conditions imposed upon the said Green, the faithful performance of which his bond was intended to secure. The breach alleged in this count is substantially the same as that in the other count—that the condition of the bond had been broken, in this: that the said John W. Green, his heirs, executors, administrators, or any of them, had not paid to the plaintiffs the said sum of $1,252.64 or

interest, or any part thereof, though often thereto requested and demanded, and that said bond had been in writing assigned by the company to the plaintiffs.

While both counts allege an assignment by the payee insurance company to the plaintiff, neither count alleges whether the assignment was made before or after the alleged breach of the condition. Demurrers were filed by the defendant's to each count of the complaint separately and to the complaint as a whole.

One ground of demurrer was that the bond set out in each count provided for special items of default, and that the breach assigned failed to inform the defendants, who were sureties, as to which item of default they were sued on; and, second, that said first count seeks to recover of defendants a sum of money claimed to be due to the plaintiffs under a contract between John W. Green and the Fidelity Mutual Life Insurance Company, and yet fails to aver that the defendants had any knowledge or notice of the said contract, or of any item of the terms or provisions thereof. These same grounds are assigned to the second count with the additional ground (among others) that the bond sued on in that count was made to the Fidelity Mutual Life Insurance Company, while the contract set up in said count, for which default is claimed, was made with the plaintiffs, and that it does not appear from the allegations of said second count how said bond could be properly assigned, so as to protect the plaintiffs in any contract made with them by John W. Green. The cause was heard upon the demurrers to the complaint, and, upon hearing, the demurrers were sustained on the 17th day of December, 1906. At this time no leave was asked to amend the complaint, nor did the plaintiffs decline to plead further, and allow judgment to be rendered against them; but the cause seem to have remained in this condition until the adjourned term of the court had progressed from the 28th day of January to the 14th day of Feb-

ruary, 1907, at which time the case was called, and, the plaintiffs having failed to amend their complaint, it was dismissed for want of prosecution. The plaintiffs subsequently filed a motion to set aside the order of the court dismissing the cause for want of prosecution, which motion was refused on the 20th day of May, 1907, and to the refusal of the court to grant this motion exception was reserved.

The plaintiffs appeal, and the recital of their appeal bond is as follows: "To supersede and reverse a judgment recovered by the said D. F. Brannen and V. W. Newburn against the said J. B. Ellis and Otis M. Hendricks, partners operating under the name of J. B. Ellis & Co., at the Spring term, 1907, of the circuit court of Mobile for Mobile county," and the citation of appeal is as to the same judgment. The judgment appealed from was evidently rendered on the 14th day of February, 1907, and the plaintiffs applied for appeal on the 10th day of August, 1907.

The plaintiffs assign as error the judgment of the court sustaining the demurrers to the complaint, the judgment or order dismissing the action for failure to prosecute, and the order denying the motion to set aside the order dismissing the cause for failure to prosecute Obviously no appeal could be taken from the order of the court denying the motion to set aside the judgment and the order dismissing the cause of action. It is not a final judgment, nor is it any one of the interlocutory judgments or orders upon which an appeal is authorized. Consequently no appeal would lie therefrom, nor can errors be assigned, or considered, as to the refusing of said motion.—*Ledbetter v. Vinton,* 108 Ala. 644, 18 South 692. So far as appears from the record, the order and judgment of the court dismissing the cause of action for failure to prosecute was justifiable and proper. No reason was assigned for failure to prosecute,

nor does it appear that any resistance was made to the order or judgment dismissing the suit by the plaintiffs at the time it was made. In short, there is nothing to show error, nor is it claimed or insisted, otherwise than by the mere assignment, that this action of the court was erroneous. Consequently there is nothing by which this court can know or determine that the action of the trial court in dismissing the cause of action for failure to prosecute was erroneous.

The plaintiffs can take nothing by reason of the court's sustaining demurrers to the complaint. If the plaintiffs desired to revise the ruling of the lower court upon these demurrers, two ways were open to them, but neither of which they pursued. If the plaintiffs desired to risk the final determination of the cause of action upon the sufficiency of the complaint after demurrer was sustained thereto by the court, they could then and there have declined to plead further, and suffered judgment which would have been such a final adjudication as would have supported an appeal to this court and have authorized a revision of the judgment of the court sustaining the demurrers to the complaint; or, second, they could have amended their complaint; by pleading over as a matter of right, under section 5370 of the Code of 1907 (section 3305 of the Code of 1896), without waiving their privilege of assigning this as error in the appellate court. The plaintiffs did not seek to take advantage of this statute. There was no attempt or offer by them to plead over after the sustaining of demurrers to the complaint, nor offer to amend, nor did they expressly decline to plead further and suffer judgment for the defendants, from which they could have appealed, but they simply declined to take any further action, and, as appears by the record, the complaint not being amended and no offer being made to amend it at a subsequent call of the case, the cause was dismissed for

want of prosecution. This order dismissing for want of prosecution is such a final order or judgment as will support an appeal. However, on an appeal from such order nothing can be revised by this court except the action or order of the trial court in dismissing the cause for want of prosecution; yet on an appeal from such order or judgment the actions of the court in sustaining or overruling demurrers to the complaint or other pleadings prior to this action cannot be reviewed. The case is not within the provisions of section 5370 of the Code, but for which the action of the court in sustaining or overruling demurrers to the complaint could not be reviewed after an amendment of the complaint, and certainly the order or judgment dismissing the cause for want of prosecution is not a judgment against the defendants for failure to plead further which would authorize a review of the action of the court in sustaining or overruling the demurrers.—*Wailes v. Howison,* 93 Ala. 375, 9 South. 594; *Phoenix Ins. Co. v. Moog,* 78 Ala. 284, 56 Am. Rep. 31; *Williams v. Ivey,* 37 Ala. 242; *Sheppard v. Shelton,* 84 Ala. 562; *Stallings v. Newman,* 26 Ala. 300, 62 Am. Dec. 723. These cases show the history as to pleading and practice when the judgment is rendered on demurrer as to the right of the party to plead over, etc. There has yet been no final adjudication or determination of the respective rights of the parties to this suit. There is nothing to prevent the plaintiffs from bringing another action, because the order dismissing for want of prosecution is not a bar to a subsequent action; and it is therefore not such a final judgment or determination of the rights of the parties as will authorize review on this appeal.

There being no reversible error in the record, the case is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.