No. 2414
Second Circuit

---

## G. ADRIAN ADAMS v. TOWN OF RUSTON

(December 1, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Injunction—Par. 6, 8, 10.**

Rights already lost and wrongs already perpetrated cannot be corrected by injunction.

2. **Louisiana Digest—Injunction—Par. 13, 18; Ownership—Par. 7.**

A question of ownership of land is one that must be tried by direct action and cannot be determined in an application for a writ of injunction.

(See Code of Practice, Article 44. Editor's note.)

3. **Louisiana. Digest—Injunction—Par. 8, 9, 45.**

Under the Code of Practice, Articles 298 and 303 plaintiff must not only allege danger of irreparable injury but that the threatened injury would not be compensable in money.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln, Hon. S. D. Pearce, Judge.

This is a suit in which the plaintiff asked for a preliminary writ of injunction. The defendant filed an exception no cause of action which was sustained. Plaintiff appealed.

Judgment affirmed.

Elder, Thompson & Digby, of Ruston, attorneys for plaintiff, appellant.

Barksdale, Warren & McBride, of Ruston, attorneys for defendant, appellee.

REYNOLDS, J.    In this suit plaintiff asks for a preliminary writ of injunction and on final trial for judgment perpetuating it and for recognition of his ownership of the south 60 feet of lot 4 of block 58 of the Dabney Subdivision to the town of Ruston, in Lincoln parish, Louisiana.

Defendant filed an exception of no right and no cause of action to the petition. The lower court sustained the exception and plaintiff has appealed.

### OPINION

Plaintiff bases his right to a writ of injunction under Article 298 or 303 of the Code of Practice and Paragraphs 2 and 4 of his petition.

Paragraphs 2 and 4 of his petition read as follows:

"2.

"That the town of Ruston has recently interfered with your petitioner's ownership and possession of the said property by going thereon, through its agents and employees, and has erected a street thereon and has graveled the same and laid a water main and is holding the same out to the public as a street in the said town, when in truth and in fact the property has never been dedicated to the public and is solely owned by your petitioner by deeds of record."

"4.

"That recently · petitioner erected certain posts across the said above described land, as he had a right to do, and without right and acting under the authority and orders of the mayor of this town and the members of aldermen, one Will Risinger, the said Mayor, and Booles Breed, a member of the said Council and said commissioners of streets, went upon the said property, and over your petitioner's protest and destroyed the said posts and are preventing the said petitioner from entering upon the said premises as the owner thereof."

It will be noted that plaintiff does not complain that the city of Ruston is, through its officers or employees, about to do any of the acts mentioned in Article 298 of the

Code of Practice that would authorize the granting of a writ of injunction as a matter of right.

The acts complained of are accomplished facts.

Plaintiff complains not that the town of Ruston is about to take possession of his property, but that it has done so and is now in possession thereof and occupying it for purposes of a public street and that it has already gravelled the street and laid a water main in it and is holding it out to the public as a public street.

It is well settled in the jurisprudence of Louisiana, as quoted in defendant's brief, that:

"Rights already lost and wrongs already perpetrated cannot be corrected by injunction."

Dunham vs. Slidell, 133 La. 212, 62 South. 635.

Callan vs. Orleans Fire Dept., 45 La. Ann. 673, 12 South. 834.

Treargire vs. School Board, 31 La. Ann. 105.

Nicol vs. Railroad Co., 44 La. Ann. 816, 11 South. 34.

Davenport vs. Sterling Lumber Co., 148 La. 785, 87 South. 747.

N. O. & N. E. R. R. Co. vs. Miss. etc. R. R. Co., 36 La. Ann. 551 (561).

Wemple vs. Eastham, 144 La. 957, 81 South. 438.

Plaintiff does not allege that the city of Ruston will interfere with the use of the street as a street; his allegation is that the city will interfere with his use of it as owner.

As pointed out in defendant's brief, the question of ownership is one that must be tried by direct action and is not to be determined in an application for a writ of injunction.

Code of Practice, Article 44.

McCall vs. Irion, 40 La. Ann. 690, 4 South. 859.

Anderson vs. Carroll, Hay & Co., 23 La. Ann. 175.

Hardin vs. Wolf & Cerf, 29 La. Ann. 335.

Doherty vs. Leake, 24 La. Ann. 224.

Plaintiff does not allege that he will be irreparably injured and therefore is not entitled to a writ of injunction under Code of Practice Article 303.

The Supreme Court has often held that a petition based upon this article must allege not only danger of irreparable injury but that the threatened injury would not be compensable in money.

A plaintiff's right to an injunction under this section is within the sound discretion of the court and when the lower court is vested with judicial discretion there must be a clear abuse thereof to justify the higher court in reversing its decision.

We quote the following from defendant's brief:

"Injunction will not be granted where the apprehended injury is compensable in money."

State vs. Brunot, 112 La. 425, 36 South. 481.

"The averment, though sworn to, that unless prevented, the apprehended act, if committed, will occasion irreparable injury, is not conclusive on the court. The showing must be such as leaves no doubt on the character of the injury sought to be guarded against."

Schmidt vs Foucher, 37 La. Ann. 174.

Fontelieu vs. Gates, 36 La. Ann. 833.

Crescent City Live Stock L. & S. H. Co. vs. Police Jury, 32 La. Ann. 1192.

For the reasons assigned, the judgment of the lower court is affirmed.