No.——
First Circuit

### DESHOTELS v. GRADNEGO

(January 7, 1927. Opinion and Decree.)
(February 12, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Petitory and Possessory Action—Par. 15, 35.**
The plaintiff in a petitory action is not debarred from proceeding with it because defendant acquired the land at a public sale in a partition proceeding which may have been irregular or voidable, plaintiff having had no connection with these partition proceedings.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Mrs. Bridgette Deshotels against Odosir Gradnego, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

O. E. Guillory, of Ville Platte, attorney for plaintiff, appellee.

A. H. Garland, of Ville Platte, attorney for defendant, appellant.

MOUTON, J. Gerand Soileau, while married to plaintiff and during the existence of the community, acquired a tract of land situated in the parish of Evangeline. Gerand Soileau deserted plaintiff, his wife, and while living in concubinage with Eveline Viginat transferred to his concubine the land so acquired by him during his marriage with plaintiff. Later, Eveline Viginat pretended to transfer this land to her son, Ortesi P. Fontenot, who, in turn, reconveyed it to his mother. Some time thereafter Gerand Soileau died, leaving no ascendants or descendants. In a suit instituted by Soileau's collateral heirs his ostensible sale to his concubine and the pretended sale by her to her son and her son to her were set aside; a judgment was rendered recognizing the heirs of Soileau owners of the land, placing them in possession and ordering a sale to effect a partition.

In December, 1924, the property was adjudicated at public auction to Mrs. Victoria Ramos, from whom the defendants acquired.

It is not disputed that the land was acquired by Soileau during the regime of the community, and that at the time of its purchase plaintiff became part owner as a partner in the community. Upon judgment being rendered setting aside the sales from Soileau to his concubine and from her to her son, it is quite evident that the land was restored to the community, one-half of which belonged to plaintiff, for the recovery of which plaintiff has instituted this suit.

Judgment was rendered in her favor. Defendants appeal.

The sole contention of defendants as appears in their briefs is that plaintiff could not claim the property in this, a petitory action, before attacking the partition proceedings under which their vendor had acquired the land at public sale. In other words, that she could not ignore these partition proceedings before asserting title to her undivided half in the land. Counsel, in support of this contention, cites Graham vs. Hester, 15 La. Ann. 148; Carrere vs. Labau, 23 La. Ann. 531; McCall vs. Irion, 40 La. Ann. 690, 4 South. 859; State vs. Grigsby, 117 La. 1050, 42 South. 497. In the cases cited it must be noted that the parties from whom the plaintiffs claimed had been proceeded against personally, or through their apparent tutors or other legal representatives. In those cases the court very properly held that if these proceedings were irregular or voidable, the party claiming could not ignore them, and proceed directly by petitory action to recover property against defendants who were holding on apparently valid titles. In this case the situation is entirely different, as plaintiff did not have the slightest connection with the partition proceedings under which defendants are asserting title. The fact is that she was a total stranger to those proceedings, and never had any information whatsoever that they had ever taken place. There is nothing to indicate that defendants acquired on the strength of plaintiff's actions or declarations or that she ever misled them to the prejudice of their rights. No estoppel is urged against plaintiff, and we cannot see why she should be debarred from proceeding in this action without first suing to set aside the partition proceedings which led up to defendant's acquisition.