211 So.2d 464

**Tilda FREEMAN**

v.

**Ike FREEMAN et al.**

**7 Div. 794.**

Supreme Court of Alabama.

May 30, 1968.

Roy D. McCord, Gadsden, for appellant.

Lybrand, Sides & Hamner, Anniston, for appellees.

SIMPSON, Justice.

This law suit was begun in December, 1964, when the appellant (hereinafter referred to as plaintiff) filed a complaint for personal injuries against the appellees. Thereafter on January 7, 1965, the appellees (hereinafter referred to as defendants) filed demurrers. On August 23, 1965, the court entered its order sustaining defendants' demurrers. Thereafter on September 8, 1965, plaintiff filed an amendment to her complaint. On the 18th day of October, 1965, the court sustained demurrers to this

amended complaint. Following this, plaintiff again amended on October 17, 1966, to which amendment demurrers were sustained on October 17, 1966.

Thereafter on April 3, 1967, the case being in the foregoing posture, the court entered an order dismissing the same for want of prosecution. On motion of plaintiff (made within 30 days of the order of dismissal) the court entered its order restoring the case to the docket. This restoration order was dated June 27, 1967, and provided: "Upon motion of the plaintiff, it is ordered and adjudged by the Court that this cause is restored to the pleading docket on condition that case be put at issue and prosecuted at call of docket on the 31st day of July, 1967".

On July 3, 1967, the plaintiff again amended her complaint by adding Counts X and Count Y. To the complaint as thus amended defendants filed demurrers on July 25, 1967.

Then on July 31st the court entered its order again dismissing the case for want of prosecution. From this judgment the appeal is taken.

 First, it is noted that the judgment dismissing the case for want of prosecution will support an appeal. Townsend v. McCall, 262 Ala. 235, 78 So.2d 310; Tierce v. Knox, 207 Ala. 121, 92 So. 263; Ellis & Co. v. Brannon et al., 161 Ala. 573, 49 So. 1034. Nothing, however, is presented to this court on such an appeal save the action of the trial court in dismissing the cause for want of prosecution. Ellis & Co. v. Brannon, supra.

The court erred in dismissing this case for want of prosecution in the posture that the case stood in on July 31, 1967. The plaintiff had before the court two counts to which the defendants had filed demurrers. These demurrers were never ruled upon. Until such time as a ruling on the demurrers was invoked, the plaintiff was not called upon to do anything further. Had the court sustained the demurrer, the plaintiff would have at that point had the right to amend, or to take a nonsuit, occasioned by the adverse ruling.'

Had the court overruled the demurrers, the defendant would have been called upon for additional pleading.

While it is true that the court may require the litigants to diligently pursue their cause, it may not dismiss for failure to prosecute when at the point of dismissal the party is in no position to go forward, and indeed cannot go forward until the court itself takes action—in this case ruling on the pending demurrers.

This is the only question open to us on this appeal; therefore, we make no decision on the sufficiency of the counts filed by the plaintiff.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.