**522**

243 So.2d 359

**Louise BASS**

**v.**

**The CITY OF ENTERPRISE, Alabama,
a Municipal Corporation.**

**4 Div. 389.**

Supreme Court of Alabama.

Dec. 17, 1970.

Rehearing Denied Feb. 4, 1971.

·Alice L. Anderson, Enterprise, for appellant.

Joe S. Pittman, Enterprise, for appellee.

## PER CURIAM.

Plaintiff filed suit in the Circuit Court of Coffee County, Enterprise Division, to recover damages against defendant (appellee) for personal injuries she alleges to have sustained while crossing a street under repair. It is alleged that said crossing was at the direction of appellee's policeman while acting within his authority.

After the complaint was successively amended several times, and demurrer to each amendment was sustained, the trial court, following judgment on demurrer to the last amendment, dismissed the suit for want of prosecution. This appeal is from the judgment of dismissal.

The first assignment of error is waived for lack of argument. The remaining eight assignments seek a review of the trial court's judgments sustaining demurrer to the several amendments of the complaint.

These several judgments on the demurrers are interlocutory and will not support an appeal. Section 754, Title 7, Recompiled Code, 1958. None falls within the excepted class. Section 755 et seq., Title 7, supra.

Review of these several judgments was here available to plaintiff (appellant) un-

der Title 7, § 819, Recompiled Code, 1958, which reads:

"If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

Prior to 1903, rulings of the court on pleadings could not be properly introduced into the record by bill of exceptions; therefore, the plaintiff could not take a nonsuit on adverse rulings to such pleadings. Prichard v. Sweeney, 109 Ala. 651, 653, 19 So. 730. See § 3017, Code 1907, which incorporates Act No. 12, General Acts, 1903, p. 34. This Act amended § 614, Code 1897. It extends the right to review on appeal from nonsuit to pleadings as well as points that should properly be introduced by bill of exceptions. Engle v. Patterson, 167 Ala. 117, 52 So. 397, 398.

We note that the trial court in its judgment of February 28, 1967, sustaining defendant's demurrer to the amended complaint suggested:

"Should the plaintiff desire to test the validity of the previous rulings of the court a nonsuit with exceptions should be taken. * * *."

But the plaintiff elected to appeal from the judgment of dismissal for want of prosecution. This appeal, although limited. here in its scope of review, is available to plaintiff. See Freeman v. Freeman, 282 Ala. 330, 211 So.2d 464, wherein appears:

"First, it is to be noted that the judgment dismissing the case for want of prosecution will support an appeal. [Citing cases.] Nothing, however, is pre-.

sented to this court on such an appeal save the action of the trial court in dismissing the cause for want of prosecution."

It appears in the *Freeman* case, supra, that at the time the judgment of dismissal was entered there was pending an amendment to the complaint to which demurrer had been filed, but not ruled on.

This court observed further:

"While it is true that the court may require the litigants to diligently pursue their cause, it may not dismiss for failure to prosecute when at the point of dismissal the party is in no position to go forward, and indeed cannot go forward until the court itself takes action— in this case ruling on the pending demurrers."

In Ellis & Company v. Brannon et al., 161 Ala. 573, 49 So. 1034, it appears the appellant sought to review a ruling on demurrer on appeal from an order dismissing the suit for want of prosecution. This court observed:

"The plaintiffs can take nothing by reason of the court's sustaining demurrers to the complaint. If the plaintiffs desired to revise the ruling of the lower court upon these demurrers, two ways were open to them, but neither of which they pursued. If the plaintiffs desired to risk the final determination of the cause of action upon the sufficiency of the complaint after demurrer was sustained thereto by the court, they could then and there have declined to plead further, and suffered judgment which would have been such a final adjudication as would have supported an appeal to this court and have authorized a revision of the judgment of the court sustaining the demurrers to the complaint; * * *. This order dismissing for want of prosecution is such a final order or judgment as will support an appeal. However, on an appeal from

such order, nothing can be revised by this court except the action or order of the trial court in dismissing the cause for want of prosecution; yet on an appeal from such order or judgment the actions of the court in sustaining or overruling demurrers to the complaint or other pleadings prior to this action cannot be reviewed. The case is not within the provisions of section 5370 of the Code [Code, 1907 and now Title 7, § 242, Code 1940], but for which the action of the court in sustaining or overruling demurrers to the complaint could not be reviewed after an amendment of the complaint, and certainly the order or judgment dismissing the cause for want of prosecution is not a judgment against the defendants for failure to plead further which would authorize a review of the action of the court in sustaining or overruling the demurrers. * * * There has yet been no final adjudication or determination of the respective rights of the parties to this suit. There is nothing to prevent the plaintiffs from bringing another action, because the order dismissing for want of prosecution is not a bar to a subsequent action; and it is therefore not such a final judgment or determination of the rights of the parties as will authorize review on this appeal."

The motion of appellee to "dismiss" the assignments of error in this cause so far as this motion includes assignments 2 to 9 inclusive, seeking a review of the rulings of the court on demurrers, is granted. Said assignments are stricken.

Assignment of error 1 not having been argued, there is nothing for this court to review.

The judgment of the trial court dismissing the suit for want of prosecution is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

SIMPSON, COLEMAN, BLOODWORTH, MADDOX, and McCALL, JJ., concur.