262 So.2d 296

Mrs. Evelyn B. BUCHANON, a Taxpayer, Citizen, and Teacher

v.

CITY BOARD OF EDUCATION et al.

6 Div. 922.

Supreme Court of Alabama.

May 11, 1972.

Evelyn B. Buchanon, pro se.

No brief from appellees.

HARWOOD, Justice.

This appellant, representing herself, brought an action in the Circuit Court of Cullman County as a taxpayer, citizen, and teacher. Named as defendants were the City Board of Education of Cullman, the

State Examiners of Public Accounts, the Superintendent of Education of the Cullman City Schools, the City Council of Cullman, and the AEA (Alabama Education Association), and James F. Berry.

The pleading, which was filed on the law side, charges as a pure conclusion acts of misfeasance and malfeasance on the part of the defendants in the matter of expenditure of school monies. The document is faulty in a variety of ways in attempting to state a cause of action.

At the hearing on the demurrers filed by the defendants, a long colloquy ensued between the court and the plaintiff. The court was most courteous, patient, and restrained. It seemed to be the view of the plaintiff that it was the duty of the court to draw her pleadings and also to ex mero motu obtain evidence to support such pleading.

The court sustained the demurrers and further decree that "the plaintiff refusing to plead further, cause is dismissed and the plaintiff is taxed with costs." There was no motion for a non-suit nor order granting a non-suit dismissing the cause and directing execution for the costs. The plaintiff has attempted to process an appeal.

 The appellees have filed a motion to dismiss this appeal on the ground that the appellant has attempted to appeal from a ruling of demurrer, which is not a final judgment. The motion is well taken and must be granted. Mason v. McClain, 271 Ala. 93, 122 So.2d 519; Box v. Metropolitan Life Ins. Co., 232 Ala. 1, 168 So. 216; Bass v. City of Enterprise, 286 Ala. 522, 243 So.2d 359.

It clearly appears from an examination of this record that the appellant could gain nothing from an appeal even though no compelling cause for granting the appellees' motion to dismiss be present.

Appellant has assigned four errors. Assignment of error 1 relates to the action of the court in sustaining the demurrer to her original pleading. As before stated, there was no palpable cause of action stated therein. Assignments of error 2, 3, and 4, are defective in both form and substance and present nothing for review.

Appellant's brief is likewise defective. The entire argument portion consists of some seven lines, the thrust of this argument being that it is the duty of this court to process appellant's case from its inception, both in its evidential and in its procedural aspects. This being a court of appellate jurisdiction only, the burden which appellant seeks to place on us is beyond our authority.

Appeal dismissed.

HEFLIN, C. J., and MERRILL, MADDOX, and McCALL, JJ., concur.