265 So.2d 110

Mrs. Evelyn BUCHANON

v.

CULLMAN CITY BOARD OF EDUCATION et al.

6 Div. 983.

Supreme Court of Alabama.

July 20, 1972.

Evelyn B. Buchanon, pro se.

Truman Hobbs, Montgomery, for appellee Alabama Education Assn., Inc., for appellees.

MADDOX, Justice.

This is the third time Mrs. Evelyn Buchanon has been involved in appeals to the appellate courts of this state in connection with her continuing feud with the Cullman City Board of Education. See Cullman City Board of Education v. Buchanon, 45 Ala.App. 357, 231 So.2d 134 (1970); cert. den., 285 Ala. 754, 231 So.2d 137 (1970); Buchanon v. City Board of Education, 288 Ala. 474, 262 So.2d 296, May 11, 1972. In each case, she has represented herself.

On this appeal, she has asked this Court to grant her "justice." She argued the case here on her own behalf.

Briefly stated, Mrs. Buchanon was a fourth grade teacher in the Cullman City System. The Board of Education transferred her, against her wishes, to another school to teach a different grade. She appealed to the State Tenure Commission and the Cullman Board's action transferring her was sustained. The Circuit Court, upon petition, found that the Board had erroneously transferred her, but on appeal, the Court of Civil Appeals reversed and this Court denied certiorari. Cullman City Board of Education v. Buchanon, supra.

This action, filed September 15, 1970, which sought $300,000 damages, was brought against the Superintendent of Education of the Cullman City System when she was transferred in 1967, the individual school board members, an attorney, the Alabama Education Association, the State Tenure Commission, and a teacher who was apparently hired by the Cullman City Board to replace Mrs. Buchanon as a fourth grade teacher. The complaint, apparently drawn by the plaintiff herself, makes various and sundry allegations, such as: (1) that the Cullman Board conspired to defame, libel and slander her, (2) that the Board and another teacher entered into a contract when there was no vacancy, thus beginning the "conspiracy," (3) that she was illegally transferred by the Board in 1967, (4) that the State Tenure Commission "arbitrarily" upheld the Board's action transferring her, (5) that the Cullman Superintendent of Education refused to talk to her, (6) that one of the defendants had the school custodian remove maps, pictures and flags from her fourth grade classroom and "humiliated" her before some 70 children, (7) that the school caretaker dug up tulips and other flowers in two gardens she had planted, (8) that the locks on the fourth grade room were changed, (9) that the former superintendent had a "libelous and slanderous" article printed in the Birmingham News, (10) that Fred Folsom, an attorney, advised the Board to appeal the decision of the Circuit Court which had ordered her reinstatement, and that he had "no legal or personal right to involve himself," (11) that the Alabama Education Association denied her membership, and (12) that the Alabama Education Association had denied her assistance in her legal fight. In addition to praying that she be awarded $300,000 in damages, she asked the court to "order the Cullman City Board of Education to assign her to a position in the Cullman City School System as the law allowed her not to teach while she took her case through the courts."

Each defendant filed a demurrer to the complaint, as amended. The court apparently strongly advised Mrs. Buchanon to talk to a lawyer. He held:

"The above matter was set for trial on August 8, 1971, at which time the status of the pleadings was inquired into by the court. The plaintiff, Mrs. Buchanon, who represents herself, and the attorneys for other parties who were

then available, at the judge's request, met with the judge in chambers with regard to the pleadings. The judge had previously carefully read the original complaint and informed the plaintiff that it would be necessary for him to sustain demurrers thereto, whereupon the plaintiff requested that her complaint not be dismissed and that she be allowed ample time within which to amend. The Court, at that time, strongly advised the plaintiff to obtain legal counsel and was advised by the plaintiff that she would not do so. The court granted to the plaintiff thirty days within which to amend her complaint which period was extended by subsequent order for an additional period of time at plaintiff's request.

"An amendment to the complaint was filed by the plaintiff on October 14, 1971, and demurrers have been filed thereto, practically each ground of each demurrer being valid. The court has spent the better part of a day in an in-depth study of the amended complaint and has no alternative under the Alabama law but to sustain demurrers thereto.

"It was, and is, the constitutional right of the plaintiff to represent herself, and the court did not dismiss this cause on August 18, 1971, in order to enable the plaintiff to perhaps change her mind and to employ counsel, even though the court was of the opinion at that time that the plaintiff, herself, could never state a valid cause of action herein against any of the defendants. However, she has convinced the court that she will not employ legal counsel."

The court sustained demurrers to the complaint, as amended, dismissed the cause, ordered the defendants to "go hence without day", and taxed the costs against the plaintiff, and ordered execution to issue for the collection of costs.

■ Appellant's assignments of error, like her complaint, are not models of pleading. We will consider only one of her assignments, that being that the court erred in sustaining the demurrer of the defendants to her complaint, as amended. Appellee contends that the order of the court in this cause was not a final judgment from which an appeal would lie. Some of the appellees have filed a motion to dismiss the appeal on the ground that the order appealed from was not a "final judgment." The motion is not well taken. The effect of the judgment entered by the court was one to dismiss the complaint, order the defendants to go hence and assess the costs against the plaintiff and provided for execution. Such judgment is sufficiently final and appealable. Cooper v. City of Fairhope, 263 Ala. 619, 83 So.2d 321 (1955).

■ Nevertheless, we find no error in the action of the trial court in sustaining the demurrers filed to appellant's complaint. There was no palpable cause of action stated in the complaint or the complaint as amended, and the trial court committed no error in this regard.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN and HARWOOD, JJ., concur.