CULPEPPER, Judge.
Plaintiff is a member of the defendant, Southwest Louisiana Electric Membership Corporation. He seeks to enjoin the defendant from violating LSA-R.S. 18:1481 et seq., which forbids corporations to make political contributions or engage in certain other political activity. From a judgment overruling defendant’s exception of no cause of action and granting a preliminary injunction, the defendant appealed.
THE EXCEPTION OF NO CAUSE OF ACTION
The first issue concerns defendant’s exception of no cause of action. Plaintiff filed this suit on December 14, 1971 alleging that the defendant corporation had mailed approximately 1700 letters to its members and others urging them to support certain candidates in the Democratic primary held on December 18, 1971. The petition alleges that the expense of preparing and mailing these letters was borne by the corporation in violation of the laws of Louisiana. He says he is a member of the defendant corporation and is entitled to an injunction restraining it from further threatened violations.
LSA-R.S. 18:1482 provides:
“No domestic corporation, company or association, and no foreign corporation, company, or association doing business or having an office or agent in this state, shall directly or indirectly contribute, donate, or lend any of its funds or other property to promote, aid, advocate, or oppose any political or other issue which may be submitted to the people for their decision at any general or special election authorized by the state or by any political subdivision thereof.”
Plaintiff contends that the alleged political activity of the corporation is in violation of the above quoted statute, that defendant is a nonprofit corporation and that, as a member of the corporation, he has a cause of action for an injunction under what are commonly called the “ultra vires defense” provisions of our Nonprofit Corporation Law. The pertinent provisions of LSA-R.S. 12:208 read as follows:
“A. Invalidity of an act of a corporation, * * * by reason of the fact that the corporation was without capacity or power to perform such act * * * may be asserted only:

“(2) In an action by a member against the corporation to enjoin the performance of any act * *
The “Committee Comment” under LSA-R.S. 12:208 states that this section applies to nonprofit corporations in some respects the ultra vires doctrine which applies to business corporations, LSA-R.S. 12:42. *759 The library reference stated by the Committee is 19 C.J.S. 419 et seq., Verbo Corporations, § 965 et seq. This text points out the distinction between “ultra vires” acts and “illegal” acts. “Ultra vires” acts are those which are beyond the objects for which the corporation was created, as defined by the law or its charter. Illegal acts are those which are prohibited by statute or public policy. Acts which are illegal are not also necessarily ultra vires.
Under the express language of LSA-R.S. 12:208 the right of a member to an injunction is restricted to acts of the corporation which are invalid “by reason of the fact that the corporation was without capacity or power to perform such act.” This includes only ultra vires acts and not acts which are only illegal. Hence, in the present case plaintiff has no right to enjoin the alleged political activity of the corporation on the grounds that the acts are illegal because prohibited by statute.
This strict construction of the statute is supported by the general rule that injunction, being a harsh, drastic and extraordinary remedy, should issue only where clearly justified, Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83 (1960) and the authorities cited therein.
We conclude plaintiff has not alleged a cause of action for an injunction under LSA-R.S. 12:208. The next question is whether he has alleged a cause of action under the general injunction law, LSA-C. C.P. 3601, which reads as follows:
“An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
“During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter.
“Except as otherwise provided by law, an application for injunctive relief shall be by petition.”
Plaintiff alleges defendant violated the election laws, as discussed above, and threatens to continue to do so. The irreparable injury which plaintiff alleges is that if the corporation continues these illegal acts its charter may be revoked under LSA-R.S. 12:208, which provides that the invalidity of an act of a corporation may be asserted “(4) In an action by the state to dissolve the corporation, or to enjoin the corporation from the transaction of unauthorized business.” Plaintiff says that if the corporate charter is dissolved he will suffer irreparable injury because he depends on the corporation for electric energy and he will have to obtain it from other sources at an increased cost.
For the reasons stated above, LSA-R.S. 12:208 applies only to “ultra vires” acts and not to “illegal” acts. Hence, the state could not seek to dissolve the corporation under this statute and no ground for irreparable injury is alleged.
We conclude the exception of no cause of action should have been sustained.
ON THE MERITS
Although the exception of no cause of action should have been sustained, we will consider the merits because the trial judge did so. At the hearing on the preliminary injunction, defendant filed in evidence a certified copy of its charter showing that although it was originally organized in 1937 under the Nonprofit Corporation Law, it took advantage of Act 266 of 1940 (LSA-R.S. 12:401-403) which authorizes a special class of corporations known as “Electric.” In addition to the reasons stated above for our holding that plaintiff has no cause of action for an injunction under the Nonprofit Corporation Law, a reading of the special corporation statute, under which this electric corporative is now organized, shows that it does not contain the “ultra vires defense” provisions which are found in both the Business Corporation Law and the Nonprofit Corporation Law.
*760 At one point in his brief, plaintiff states that he seeks this injunction under LSA-R.S. 12:208. However, since he argues irreparable injury as a grounds for the injunction sought, we will, out of an abundance of precaution, discuss his right to injunctive relief under the general injunction statute, LSA-C.C.P. Article 3601. For the reasons stated above, plaintiff has not shown irreparable injury. Hence, an injunction cannot issue under Article 3601.
Plaintiff makes additional arguments that the injunction should issue because we are dealing here with election fraud laws. Even assuming for the sake of argument that plaintiff could show he will suffer irreparable injury unless the injunction issues, we think it is clear he is not entitled to an injunction, because the evidence adduced at the hearing does not show there is any threatened or impending future violation by the corporation of the election law. Affidavits introduced by the defendant at the hearing show that the officers of the corporation responsible for mailing out these letters at the expense of the corporation have reimbursed to defendant the cost thereof in the sum of $1708.15. Furthermore, the general manager of the corporation issued instructions to all of its officers and employees that no further activities which might be construed as being in support of or in opposition to any candidate for public office would be conducted by SLEMCO and that such activities are not to be carried out in the future.
It is fundamental that the purpose of an injunction is not to afford a remedy for what has happened in the past but to prevent future mischief. And the applicant for injunction must show a reasonable probability that the acts sought to be enjoined will occur. It is not sufficient for plaintiff to simply state that he fears they will occur. The law is succinctly stated by Judge Rubin in Humble Oil & Refining Company v. Harang, D.C., 262 F.Supp. 39, as follows:
“Injunctive relief is not available where the Mover does not establish that the party sought to be enjoined is likely to commit the acts sought to be enjoined. * * *
“An injunction sould be granted only where a clear need for it exists, and where there is no adequate remedy at law. It should not be issued unless a real need for it is shown, nor should it be issued merely to allay the fears of the parties.”
See also Dunham v. Town of Slidell, 62 So. 635, 133 La. 212; Jackson v. Walton, 2 La.App. 53; Adams v. Town of Ruston, 3 La.App. 188; Ramsey v. Fontenot, La. App., 36 So.2d 861; Cooley v. Meridian Lumber Company, 195 La. 631, 197 So. 255 and Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83.
Applying these rules to the present case, the evidence shows that although there was a violation of the statute in the past, corrective action has been taken by the corporation and there is no threat and no reasonable probability that such acts will be again committed in the future.
A further general rule of law applicable here is that an injunction should not be issued to prevent the commission of a crime, if the only reason for preventing the act is that it is a crime, City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798 (1924) and the authorities cited in the dissent in Pearce v. McDaniel, 265 So.2d 110 (La.App. 3rd Cir. 1971). Applying the rationale of these rules to the present case, plaintiffs remedy is to seek enforcement of the penalty provisions of the election law which he alleges were violated, LSA-R.S. 18:1488-1496.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of defendant dismissing plaintiffs suit at his cost. All costs of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.

*761
On Application for Rehearing

PER CURIAM.
In deciding this case originally we first determined that the exception of no cause of action should have been sustained, and secondly, we concluded that the suit should have been dismissed on its merits. The judgment which we rendered, therefore, was based on conclusions which we reached on both the exception of no cause of action and on the merits.
We are convinced that our original judgment is correct. After considering the application for rehearing filed by plaintiff, however, we have concluded that we should have decided the case solely on the merits, and that we should have pretermitted a consideration of the exception of no cause of action. In view of that conclusion, we now re-affirm our original judgment, but we base it solely on the reasons which we assigned in considering the case “on the merits.”
The application for rehearing filed by plaintiff is denied.