PRICE, Judge.
Plaintiff, N. D. Smith, .is owner of a tract of land adjacent to the Weston School in Jackson Parish, Louisiana. Plaintiff sued the Jackson Parish School Board for damages to a pond on his property allegedly caused by the maintenance of a defective sewerage system on the School Board land. He also seeks an in-juntion to prevent further contamination of the pond.
After trial on the merits the district court awarded plaintiff damages in the amount of $4,000, and granted a permanent injunction enjoining the Board from maintaining the sewerage line in disrepair and causing sewerage to drain onto plaintiff’s property. Defendant was also enjoined from allowing third parties sewerage to drain across its property and onto plaintiff’s lands. From this judgment defendant, Jackson Parish School Board, has perfected this suspensive appeal. Plaintiff answered the appeal, requesting an increase in the amount awarded for damages.
The pond allegedly polluted by the School Board was built by Mr. Smith in 1961 for fishing and recreation. The land upon which the pond is situated is located below the land belonging to the School Board upon which the Weston School sits. To accommodate this sewerage from Weston School the Jackson School Board built an oxidation pond approximately 200 yards above the pond owned by Smith. From this oxidation pond, an eight inch pipe runs downhill into a cement vat located about 75 yards above Smith’s pond.
Although the evidence does not clearly show the exact year the oxidation pond began operating, we conclude it started sometime around 1963. Plaintiff contends he began having difficulty with his pond within two years after the installation of the sewerage facility and discussed the situation with School Board personnel. We find the record to show that at that time it is undisputed the waste liquid containing the polluting substances was overflowing or leaking from the concrete vat intermittently. An attempt was made at this time by the School Board to bypass the concrete vat by the connection of a four inch line of plastic pipe to the end of the eight inch flow line leading into the vat. This plastic line was extended to a ditch on a public road past the area of plaintiff’s pond.
Plaintiff filed this action in April, 1973. Trial on the merits was held on the dates of December 14, 1973, and January 4, 1974. After the filing of suit, but prior to trial on the merits, the evidence shows the line was repaired and the discharge onto plaintiff’s property had apparently ceased.
The first assignment of error by defendant in brief to this court suggests the trial judge was incorrect in finding the evidence sufficient to show the pollution of plaintiff’s pond was caused by a leakage *254 from its oxidation pond or drain pipe facility. We find the testimony and exhibits to establish to a legal certainty that up until the repairs were made to the four inch plastic drain line subsequent to April 9, 1973, the sewerage facility of defendant did occasionally allow drainage onto plaintiff’s property and into his pond. This is admitted in the testimony of Samuel Led-better, the Superintendent of Jackson Parish Schools during a portion of the period involved. Several witnesses testified the scum which formed on plaintiff’s pond was identical in appearance to that on the oxidation pond of defendant, and that it was of a different color and appearance from that which .normally forms on ponds in this area. Although defendant contends the evidence does not positively show the bacteria present in plaintiff’s pond to be “fecal coliform” (caused by animal waste) rather than “soil coliform” (caused by non-harmful bacteria present in tilled soil), we find the preponderance of the evidence to show the contaminating factor to be from human waste.
Defendant also contends it was shown by the evidence that several residences across the road from the Weston School had improper sewerage disposal during this period of time and allowed sewerage to run across a portion of the school land and ultimately drain onto plaintiff’s land. Thus it is argued it is impossible to conclude with certainty the cause of the pollution was the fault of the school board. The probability of the sewerage from the residences flowing over open ground for the distance involved into plaintiff’s pond is not shown by the testimony. We find the most plausible cause of the pollution was defendant’s disposal system which was in close proximity to the pond.
The second assignment of error advanced by defendant asserts the trial court should not have granted the permanent injunction in view of the showing at the time of trial the leakage from defendant’s sewerage facility had ceased.
The trial judge in his reasons for judgment found as a fact that pollution had occurred in the past but that at the time of trial the evidence showed the School Board had taken appropriate steps to prevent this occurrence. The testimony of plaintiff also acknowledges the situation has been remedied.
We conclude under these circumstances it was error to grant the permanent injunction ordering the School Board to prevent acts which were no longer occurring.
In Simon v. Southwest Louisiana Electric Mem. Corp., 267 So.2d 757 (La.App. 3rd Cir. 1972, writ refused), the law relating to injunctive relief based on prior wrongful conduct which has abated is reviewed by the court concisely as follows:
“It is fundamental that the purpose of an injunction is not to afford a remedy for what has happened in the past but to prevent future mischief. And the applicant for injunction must show a reasonable probability that the acts sought to be enjoined will occur. It is not sufficient for plaintiff to simply state that he fears they will occur. The law is succinctly stated by Judge Rubin in Humble Oil & Refining Company v. Harang, D. C., 262 F.Supp. 39, as follows:
“ ‘Injunctive relief is not available where the Mover does not establish that the party sought to be enjoined is likely to commit the acts sought to be enjoined.
******
“ ‘An injunction should be granted only where a clear need for it exists, and where there is no adequate remedy at law. It should not be issued unless a real need for it is shown, nor should it be issued merely to allay the fears of the parties’.
“See also Dunham v. Town of Slidell, 133 La. 212, 62 So. 635; Jackson v. Walton, 2 La.App. 53; Adams v. Town of Ruston, 3 La.App. 188; Ramsey v. *255 Fontenot, La.App., 36 So.2d 861; Cooley v. Meridian Lumber Company, 195 La. 631, 197 So. 255 and Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83.
“Applying these rules to the present case, the evidence shows that although there was a violation of the statute in the past, corrective action has been taken by the corporation and there is no threat and no reasonable probability that such acts will be again committed in the future.”
Defendant further complains the court erred in ordering it to take action to prevent third parties from discharging their sewerage across its property onto plaintiff’s land when this relief was not prayed for by plaintiff.
We are of the opinion the trial court was incorrect in incorporating this relief in the injunction issued. There were no allegations in plaintiff’s petition, nor in his prayer, requesting such relief. The evidence on which the trial judge based this ruling was introduced by defendant in an attempt to show a partial cause of the pollution could be attributed to other persons. We have previously discussed this evidence and concluded it was not sufficient to show with any certainty this had occurred. Further, the plaintiff denies in his testimony this had any effect on the pond.
We therefore find the issuance of the permanent injunction was improper in its entirety.
Defendant contends there is no showing of actual damage by plaintiff on which the trial court could award monetary damages. The record shows plaintiff lost the use of this pond for fishing purposes for a period of approximately seven years. During this period of time he repeatedly met with school board personnel in an attempt to get the situation corrected. Plaintiff presented some expert testimony showing the condition caused some devaluation of the market value of the property. The trial judge awarded $4,000 to plaintiff for his damages.
We find the evidence is sufficient to sustain an award of this amount. Nor do we consider it inadequate as contended by plaintiff in answer to the appeal.
The judgment of the trial court assessed the costs of the proceedings against the defendant School Board inclusive of the fees of expert witnesses. Under the provisions of LSA-R.S. 13:4521, the School Board is exempt from the payment of all court costs other than the stenographer’s cost. Therefore, the judgment is in error in this respect.
For the foregoing reasons the judgment appealed from is reversed insofar as it grants plaintiff an injunction against defendant and plaintiff’s demands for injunc-tive relief are hereby dismissed. The judgment is amended to delete the order for defendant to pay the costs of the proceeding other than the stenographer’s costs. In all other respects the judgment is affirmed.