I respectfully dissent. Were I able to conclude, as does the majority, that there is an appealable judgment extant in this case, I would also affirm. I cannot, hence this dissent.
This is an attempt upon the part of William D. Guilford, d/b/a Clara-Gene Painting Company, to appeal from an order granting a Rule 12 (b)(6) motion to dismiss his amended complaint. The order allowed Guilford ten days to further amend his complaint, which he failed to do. There was no motion by defendants Spartan Food Systems, Inc. and William Linder, Jr., to dismiss the action under the provisions of Rule 41 (b) ARCP, for failure of plaintiff to prosecute or to comply with the rules of civil procedure, or the order of the court granting the ten days for further amendment.
The question before us, one of first impression, is whether an order dismissing a complaint with leave to amend is an appealable one. I would hold it is not and dismiss the appeal.
Although this court has not previously determined whether under the Alabama Rules of Civil Procedure an order dismissing a complaint with leave to amend, is an appealable one, the United States Supreme Court in Jung v. K D Mining Co.,356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958), held that, under the Federal Rules of Civil Procedure, dismissal of a complaint with leave to amend, pursuant to a Rule 12 (b)(6), FRCP, motion, does not constitute a final judgment. The United States Supreme Court noted in Jung that this presents a situation similar to that of an order sustaining a demurrer, with leave to amend rather than one smacking of finality as to disposition of the action itself. Under our former practice we considered such an order to be interlocutory and, therefore, incapable of supporting an appeal in the absence of another order granting nonsuit providing for a final disposition of the action on account of adverse rulings. Code 1940, Tit. 7, § 819, reads as follows:
 "If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."
Under this section, in order to obtain review of adverse rulings on the pleadings, plaintiff was required to suffer a nonsuit. Although Tit. 7, § 819, was not reenacted in the Code of 1975 (quite likely because there was no need for this section after the adoption of the state rules of civil and appellate procedure), under the Alabama Rules of Civil Procedure and the Rules of Appellate Procedure the plaintiff could have obtained a result similar to that formerly available under § 819 and as discussed in Buchanon v. City Board ofEducation, 288 Ala. 474, 262 So.2d 296 (1972); Bass v. City ofEnterprise, 286 Ala. 522, 243 So.2d 359 (1970); and Cooper v.City of Fairhope, 263 Ala. 619, 83 So.2d 321 (1955). When a motion to dismiss a complaint is sustained and the plaintiff does not desire to amend, under our present procedure he should announce his election to stand on his pleading, allow a final judgment to be entered dismissing the action (Rule 41, ARCP) on account of adverse rulings on the pleadings, and then appeal from that order or judgment pursuant to Rule 4 (a)(1), ARAP. Cf. Midwestern Dev., Inc. v. City of Tulsa, 319 F.2d 53 (10th Cir., 1963), cert. denied 379 U.S. 989, 85 S.Ct. 702,13 L.Ed.2d 610 (1965).
In the instant case, the trial court's 6 July 1978 order dismissing the complaint with leave to amend is interlocutory because the order did not direct that all relief be denied but left the suit pending for further proceedings either by an amendment of the complaint or entry of final judgment.
Since the trial court's order that is the subject of this appeal is not final, I would dismiss this appeal.
TORBERT, C.J., and FAULKNER and BEATTY, JJ., concur. *Page 11