HANS J. LILJEBERG, Judge.
|2Plaintiff appeals the trial court’s judgment granting an exception of prescription and dismissing plaintiffs petition with prejudice. We affirm.

Facts & Procedural History

On February 14, 2013, Charles C. Coe, Jr., instituted the instant action via a Petition for Writ of Quo Warranto and/or Alternatively Declaratory Judgment against the Society of Louisiana Certified Public Accountants (the “Society”) and its board of directors seeking to have the Society show “by what authority it claims to possess to allow the Society’s nominat *89 mg committee to use ‘plurality’ votes in determining the winner of nominations to positions to the Society’s board of directors.” [1] The Society filed a peremptory exception of prescription. After a hearing, the trial court granted the exception and dismissed plaintiffs petition with prejudice. Mr. Coe appeals the trial court’s judgment.
IsThe Society of Louisiana Certified Public Accountants is a voluntary professional organization for certified public accountants in Louisiana.[2] It is a nonprofit corporation governed by a board of directors, which conducts the Society’s business in accordance with its bylaws. Mr. Coe, a member of the Society, contends that the Society’s nominating committee, in violation of the Society’s bylaws, wrongfully uses plurality rather than majority voting when selecting nominees to the board of directors. For many years, Mr. Coe repeatedly complained to the board about this procedure and the board repeatedly rejected his interpretation of the bylaws. On October 30, 2009, as a result of Mr. Coe’s repeated protests and attempts to change the plurality voting practice, the board of directors approved a motion to codify its regular practice, adding language to the nominating voting procedure that “[ejections will be determined by a plurality vote for each position for which a nomination has been made. In the event of a tie; there will be a run-off between the tied candidates.” Mr. Coe avers both that the board’s ongoing practice of many years continuing until today and into the future as well as its October 30, 2009 action codifying this practice are in violation of and/or in direct conflict with the Society’s Articles of Incorporation, Bylaws, and Robert’s Rules of Order.

Assignment of Error

Plaintiff maintains that the trial court erroneously applied the one year peremption provision contained in La. R.S. 12:208 to the present case.

Law & Discussion

The issue presented on appeal is the applicability of La. R.S. 12:208 to Mr. Coe’s challenge of the Society’s use of plurality voting in its nomination process. ^Louisiana Revised Statute 12:208 conforms the ultra vires doctrine’s application to nonprofit corporations.[3] In pertinent part, La. R.S. 12:208 states:
A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:
(1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground *90 or interruption on any ground other than timely suit.
Mr. Coe argues that his challenge does not fall within the scope of La. R.S. 12:208 because he does not contest a specific act of the Society at a given point. Rather, he argues, he is challenging an unauthorized practice that is used every year and will be used in the future. Mr. Coe likens the Society’s continued use of plurality voting during its nomination process to a continuing tort, occurring each year, in effect creating a new cause of action each time. Mr. Coe argues that La. R.S. 12:208 is inapplicable to the acts of which he complains.[4]
Applying a plain reading of the statute, members of a nonprofit organization have one year to question an act of its board of directors, and the time limitation to bring the action shall not be subject to suspension or interruption. While Mr. Coe maintains that the instant action does not challenge one single act of the Society, but its continued practice of plurality voting, his petition reflects otherwise. Mr. Coe specifically complains of the board of directors’ amendment of the nominating procedure to utilize plurality voting at the October 30, 2009 meeting, and that said amendment was in violation of the Society’s articles of incorporation, bylaws, and | ¡¡Robert's Rules of Order. This is precisely an “act of a corporation” as contemplated by La. R.S. 12:208. While Mr. Coe additionally avers that the original invalid nature of the ongoing plurality voting practice as well as the invalidity of the October 30, 2009 attempted “fix” render all subsequent actions by the nominating committee to be in violation of the Society’s bylaws and Robert’s Rules of Order, we are unpersuaded that the nominating committee’s subsequent use of the board-approved plurality voting process precludes the application of the peremption created by La. R.S. 12:208, or that it creates a new cause of action every time an election is held.
In Silliman Private School Corporation v. Shareholder Group, 01-0964 (La.App. 1 Cir. 5/10/02), 819 So.2d 1088, shareholders of a nonprofit corporation sought a preliminary injunction and declaratory judgment blocking the issuance of additional stock that was approved by its board of directors in late 1985 and authorized by shareholder vote in early 1986, asserting purported irregularities. The action was brought in 1999 to enjoin the voting of the additional shares of stock until a determination as to their validity could be made by the trial court. Notwithstanding that some of the additional shares were sold just one month prior to the filing of the action, the First Circuit adopted the findings of the trial court, which held that under La. R.S. 12:208(A)(1), any claim pertaining to the additional shares was barred one year after the board originally authorized the issuance of the additional shares in 1986.
Here, as in Silliman, supra, it is the October 2009 board action legitimating its ongoing practice which is the focal point of the case. We likewise hold that La. R.S. 12:208 serves to prescriptively bar Mr. Coe’s petition challenging an act taken by the Society’s board of directors nearly four years prior to this suit; and we reject Mr. Coe’s notion that the continued practice of plurality voting by the nominating | (¡committee in the face of the alleged illegal October 2009 board action defeats the application of the peremption set forth in La. R.S. 12:208(A)(1). The legality of the board’s October 30, 2009 action, wherein it acted alone, rather than by full member *91 ship vote to formally adopt the plurality voting procedure was open to suit for one year. Mr. Coe, as well as the rest of the membership, had notice of the newly codified voting procedure and the opportunity to challenge the procedure either internally, or by bringing an action against the board within one year of adoption. As ' evidenced by the record, the formal adoption of the voting procedure was in response to Mr. Coe’s failed attempts of having the procedure changed internally. Mr. Coe possessed full knowledge of the board’s action in 2009, and failed to bring an action against the Society with one year.

Decree

Accordingly, we affirm the trial court’s judgment granting defendants’ exception of prescription.

AFFIRMED.

. La. C.C.P. art. 3901 defines quo warranto as "a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers Its purpose is to prevent usurpation of office or of powers.

. While some Louisiana professional associations such as the Louisiana State Bar Association mandate membership of those persons of the relevant profession who practice within the state, membership in this society is strictly voluntary.

. Under the ultra vires doctrine, a corporation may not act beyond the object for which the corporation was created, as defined by the law or charter. Simon v. Sw. Louisiana Elec. Membership Corp., 267 So.2d 757, 759 (La.App. 3rd Cir. 1972).

. Despite arguing the inapplicability of La. R.S. 12:208 to the circumstances, plaintiff fails to point to which prescriptive period would apply.