I E C I, LLC D/B/A IECI & ASSOCIATES

VERSUS

SOUTH CENTRAL PLANNING AND
DEVELOPMENT COMMISSION, INC. AND
ST. CHARLES PARISH

NO. 21-CA-382

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 88,397, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

February 23, 2022

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
    **SMC**
    **MEJ**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
IECI, LLC
 James M. Montgomery
 Julie U. Quinn

COUNSEL FOR DEFENDANT/APPELLEE,
SOUTH CENTRAL PLANNING AND DEVELOPMENT COMMISSION, INC.
 James C. Erny

COUNSEL FOR DEFENDANT/APPELLEE,
ST. CHARLES PARISH
 Ryan M. Malone
 Linda A. Hewlett

**CHEHARDY, C.J.**

Plaintiff, I E C I, LLC d/b/a IECI & Associates ("IECI"), appeals the trial court's March 5, 2021 judgment in favor of defendants, South Central Planning and Development Commission, Inc. ("SCPDC") and St. Charles Parish ("the Parish) (or collectively "defendants"), sustaining their peremptory exceptions of no cause of action and no right of action, and dismissing IECI's claims with prejudice at IECI's cost. For the following reasons, finding that IECI has no legally protectable and tangible interest at stake, and that no justiciable controversy exists under the facts presented, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

IECI, a registered certified third-party provider that performs construction code enforcement in St. Charles Parish for contractors and homeowners, filed suit against SCPDC and the Parish on October 1, 2020, seeking a declaratory judgment, supplemental relief, and damages relative to the rights, status, and legal relations between IECI, the Parish and SCPDC arising out of, or related to: (1) the Louisiana Uniform Construction Code Law; (2) enforcement of the state uniform construction code in St. Charles Parish; and (3) the validity and enforcement of the cooperative endeavor agreement ("CEA") existing between the Parish and SCPDC for code enforcement in the Parish. According to SCPDC, it is a publicly created regional planning commission established in 1972 as a nonprofit corporation. SCPDC was created by the legislative bodies of multiple municipalities and surrounding parishes, including the parishes of Assumption, Lafourche, St. Charles, St. James, St. John the Baptist, and the municipalities of Golden Meadow, Gramercy, Houma, Lockport, Lutcher, Napoleonville, and Thibodaux. It currently also includes St. Mary Parish and the municipalities of Morgan City, Berwick,

Patterson and Franklin. *See* La. R.S. 33:131; La. R.S. 33:132(B).[1]  Pursuant to a cooperative endeavor agreement between the Parish and SCPDC, SCPDC functions as the "building code enforcement officer" on behalf of the Parish.  IECI alleged that SCPDC has a monopoly on the inspection services in St. Charles Parish, which has resulted in a loss of income to IECI.  Accordingly, IECI prayed for supplemental relief and damages from SCPDC for attempting to "monopolize construction code enforcement" within St. Charles Parish.

In response, defendants jointly filed peremptory exceptions of no cause of action and no right of action, and the dilatory exception of vagueness or ambiguity. Defendants asserted that IECI has no cause of action for declaratory judgment due to the absence of a justiciable controversy, and no right of action to attack the CEA between the Parish and SCPDC nor to contest the alleged *ultra vires* acts of SCPDC.  Alternatively, defendants urged the dilatory exception of vagueness or ambiguity on grounds that the claims asserted by IECI in its petition are insusceptible to providing a proper response.

Defendants' exceptions came for hearing on February 4, 2021.  After taking the matter under advisement, the trial court issued judgment on March 5, 2021, sustaining defendants' exceptions and dismissing IECI's claims with prejudice and at IECI's cost.  In its written reasons for judgment, the trial court stated the following, in pertinent part:

> … Accepting the facts as framed by the parties, the Court finds the dispute over IECI's rights under the construction code regarding their respective roles in enforcing the construction code is neither immediate nor actual.  The construction code unambiguously authorizes third-party providers, such as IECI, to perform inspection services.  At hearing, IECI averred it was adversely affected by the failure of the Parish and SCPDC to

---

[1]    While IECI alleges in its petition that SCPDC is a state planning and development district authorized and regulated by La. R.S. 33:140.61 and 33:140.62 and does not meet the statutory requirements to constitute a regional planning commission pursuant to La. R.S. 33:131, in its brief on appeal, IECI asserts that "[w]hether South Central Planning is a state regional planning and development district or a regional planning commission is immaterial because [it] is a governmental agency …"

provide permit applicants with a list of registered third party inspectors. However, the evidence presented established that the Parish does offer applicants the option for using registered third-party providers for building code plan review and inspection services.

Next, the Court finds the question of the validity of the Parish/SCPDC agreement does not present an actual or substantial dispute. IECI is not a party to the contract between the Parish and SCPDC. IECI has not established rights under the agreement and has no real and actual interest in the contract. Simply put, IECI does not have standing to dispute the validity of an agreement to which it is not a party and has no right to bring the suit.

Finally, IECI asserts SCPDC engaged in *ultra vires* activities, acting beyond the scope and question of purpose of its corporate charter when it entered into the agreement with [the Parish]. This raises the question of SCPDC's legal authority to engage in code construction enforcement. The Court finds that IECI has no standing to raise *ultra vires* under La. R.S. 12:208.

In conclusion, because there is no justiciable controversy presented under the facts as alleged and shown at the hearing, [IECI] has failed to state a cause of action or right of action. … The justiciable controversy requirement is related to the exceptions of no right of action and no cause of action, insofar as "there is no right or cause of action for declaratory judgment when there is no justiciable controversy." *Ricard v. State*, 544 So.2d 1310, 1312 (La. App. 4 Cir. 1989) …

IECI timely filed the instant appeal challenging the trial court's judgment dismissing its declaratory judgment action and its claims for supplemental relief and damages.

## FACTUAL BACKGROUND

In 2005, the legislature enacted the Louisiana Uniform Construction Code ("UCCL"), La. R.S. 40:1730.21 *et seq.*, which establishes a state uniform construction code and provides for enforcement. The public policy behind the UCCL "is to maintain reasonable standards of construction in buildings and other structures in the state consistent with the public health, safety, and welfare of its citizens." La. R.S. 40:1730.21(A). The UCCL provides for the adoption and

promulgation of the construction code, including the adoption of certain parts of nationally recognized building codes. *See* La. R.S. 40:1730.26 through La. R.S. 40:1730.28.1. St. Charles Parish has adopted the construction code.

Enforcement of the UCCL is performed at the local level. Specifically, pursuant to La. R.S. 40:1730.23(A), all municipalities and parishes are mandated to "use building code enforcement officers[2] or certified third-party providers contracted by the municipality, parish or regional planning commission to act in the capacity of a building code enforcement officer to enforce the provisions" of the UCCL. Further, under La. R.S. 40:1730.24(A), municipalities and parishes are authorized to "establish agreements with other governmental entities of the state or certified third-party providers to issue permits and enforce the state uniform construction code …" Under La. R.S. 40:1730.24(B), commercial and residential contractors and homeowners exempt from the contractor licensing law[3] are authorized to enter into agreements with certified third-party providers to conduct plans review, inspections, and to enforce the UCCL.[4]

Pursuant to La. R.S. 40:1730.24(A), St. Charles Parish entered into a CEA with SCPDC, whereby SCPDC performs the function of a "building code enforcement officer" on behalf of the Parish—IECI is not a party to the CEA, nor is it a member of SCPDC. La. R.S. 40:1730.23(A) sets forth the enforcement procedures to be conducted by SCPDC as a building code enforcement officer for the Parish, which "shall include examination or review of plans, drawings, or

---

[2] A building code enforcement officer "means a person employed by a public entity who is primarily responsible for the overall inspection or enforcement of applicable building code requirements within the jurisdiction of the employer." La. R.S. 40:1730.34(A).

[3] Homeowners exempt from the contractor licensing law include homeowners that do not build more than one residence per year. *See* La. R.S. 37:2170(A)(1).

[4] The Louisiana State Uniform Construction Code Council ("Code Council") was created to review and adopt the construction code and amendments. One of the primary functions of the council is to provide for training and education of code officials. Specifically, the Code Council is charged with the responsibility of establishing the requirements and process for the certification and registration of code enforcement officers, code enforcement inspectors, and building officials. La. R.S. 40:1730.22(C). The council is also responsible for the registration of building code enforcement officers, and for publishing at least annually a list of the approved applications in the register. La. R.S. 40:1730.34(A) and (C).

specifications; the conducting of inspections; and the issuance, denial, or revocation of permits." La. R. S. 40:1730.23(A). Accordingly, as the building code enforcement officer for the Parish pursuant to the CEA, SCPDC is mandated under La. R.S. 40:1730.23(A) to conduct inspections and to issue, deny or revoke permits. Put simply, rather than employing its own building code enforcement inspectors, or retaining a certified third-party provider such as IECI to function as the Parish's building code enforcement officer, the Parish contracted with SCPDC, who hires inspectors to perform that service.

Pursuant to La. R.S. 40:1730.23(B), certified third-party inspectors, such as IECI, are permitted to conduct plans review, inspections, and code enforcement services for commercial and residential contractors and exempt homeowners in the Parish, but are not authorized to issue permits. SCPDC is also permitted under the UCCL to provide inspection services to residents of the Parish. As evidenced by the St. Charles Parish, Department of Planning and Zoning Permit Application introduced at the hearing by IECI, the option to use a registered third-party provider for building code plan review and residential home inspections is available to all contractors and homeowners. The permit application states:

> Contractors and homeowners have the option to use a REGISTERED third-party provider for building code plan review and inspections with SCPDC pre-approval.

Thus, the contractor or homeowner has the option to use either an inspector from SCPDC or a registered third-party inspector such as IECI to perform inspections. Following the inspection, the third-party provider's inspection report is submitted to the Parish, who then provides the report to SCPDC, who, in its capacity as the building code enforcement officer, reviews the inspection report and determines whether to issue, deny, or revoke a permit. In short, in its capacity as the building code enforcement officer for the Parish pursuant to the CEA, SCPDC stands in the same shoes as the Parish and, as such, is required to review

the inspection reports submitted by third-party providers before issuing, denying or revoking a permit.

## ISSUES PRESENTED FOR REVIEW

At issue on this appeal is whether the trial court erred in (1) sustaining defendants' exception that IECI has no right of action to attack the CEA or to contest alleged *ultra vires* acts of SCPDC; and (2) finding that no justiciable controversy exists and that IECI has no cause of action for declaratory relief, supplemental relief, or damages.

## DISCUSSION

### 1. Exception of No Right of Action

#### *Validity of the Cooperative Endeavor Agreement*

IECI argues that the CEA between the Parish and SCPDC is null and void because SCPDC has no legislative authority to enter into the agreement with the Parish and, consequently, the code enforcement actions by SCPDC performed pursuant to the agreement are also null and void and without effect. In particular, IECI avers that while the UCCL authorizes a regional planning commission to act as a building code enforcement officer for a municipality or parish, SCPDC does not meet the statutory requirements for being a regional planning commission and, thus, cannot contract with the Parish to be its building code enforcement officer.

SCPDC argues that IECI has no standing or interest to attack the validity of the CEA, under which it has no established rights. According to SCPDC, IECI is merely "bootstrapping" the CEA between the Parish and SCPDC "into a declaratory judgment action by asserting its 'rights' under the UCC as a generic 'third-party provider.'"

The trial court found that the question regarding the validity of the CEA between the Parish and SCPDC does not present an actual and substantial dispute. Specifically, the trial court determined that because IECI is not a party to the CEA

between the Parish and SCPDC, it has no established rights under the agreement and has no real and/or actual interest in the contract. "Simply put, IECI does not have standing to dispute the validity of an agreement to which it is not a party and, thus, has no legal right to bring the instant suit." We agree.

Even though the allegations set forth in IECI's petition track the language of La. C.C.P. art. 1872, and claims its "rights, status, or other legal relations are affected" by the purported invalid agreement between SCPDC and the Parish, it is axiomatic that IECI establish that it has a "real and actual interest" to assert the claim—*i.e.*, the invalidity of the CEA—which we find IECI has failed to do. *See* La. C.C.P. art. 681 ("An action can only be brought by a person having a real and actual interest which he asserts."); *see also Grubbs v. Haven Custom Furnishings, LLC*, 18-710 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 849.

Whether a plaintiff has a right of action is a question of law that is reviewed *de novo* on appeal. *L&G Drywall, Inc. v. Gray Insurance Company*, 19-441 (La. App. 5 Cir. 3/18/20), 293 So.3d 775, 778. The peremptory exception of no right of action tests whether the individual bringing an action has the capacity or legal interest in judicially enforcing the right asserted. *Show-Me Const. v. Wellington Specialty Ins. Co.*, 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159, citing La. C.C.P. art. 927(A)(6). The burden of proof of establishing the exception of no right of action is on the exceptor. *Roubion Shoring Company, LLC v. Crescent Shoring, L.L.C.*, 16-540, 16-541 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 926.

The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *See Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 94-2015 (La. 11/30/94), 646 So.2d 885, 888. A party has an actionable right, and

consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. *First Bank and Trust v. Duwell*, 10-481 (La. App. 5 Cir. 12/14/10), 57 So.3d 1076, 1078, *writ denied*, 10-2826 (La. 2/11/11), 56 So.3d 1005. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *L&G Drywall, Inc.*, 293 So.3d at 778.

Here, the issue is whether IECI has a right of action under the UCCL as a certified third-party provider to challenge the validity of the CEA between the Parish and SCPDC. IECI concedes that it has no interest in the CEA as it is neither a party nor a beneficiary of the agreement. IECI's purported interest in the outcome of such a challenge has to do with its assertion that SCPDC has no legislative authority under the UCCL to enter into the CEA or to be the building code enforcement officer for the Parish and, thus, all of the code enforcement actions SCPDC performed under the agreement are null and void. However, the evidence presented at the hearing on the exception established that there would be no adverse impact on IECI as a result of the alleged invalidity of the CEA. There is no evidence to support IECI's contention that the CEA "displaces competition" or prevents third-party providers from performing construction code enforcement in the Parish, or prevents contractors and exempt homeowners from using third-party providers for plans review and inspections. Moreover, we find that the validity or invalidity of the CEA does not "adversely affect[] IECI's rights and status as a third-party provider [or] the legal relations between the parties" because, under the UCCL, as a certified third-party provider, IECI's rights to conduct plans review, inspections and to enforce the UCCL for residential contractors, commercial contractors, and exempt homeowners would remain the same regardless of whether the CEA was declared invalid.

Consequently, contrary to IECI's contention, the CEA does not create a monopoly on building code enforcement activities in the Parish in favor of SCPDC or impede IECI's ability "to conduct business and make a living" in the Parish. Even if the CEA was deemed invalid, IECI would still be obligated under the UCCL to present its inspection reports to the Parish for approval before a permit could be issued because under the UCCL, as a certified third-party provider, IECI is not authorized to issue, deny or revoke permits. *See* La. R.S. 40:1730.23(A) and La. R.S. 40:1730.24(B). After a *de novo* review of the issue, we agree with the trial court that IECI has no real and actual stake in the claim which it asserts.

### *Ultra Vires Activities of SCPDC*

Similarly, IECI challenges the validity of the CEA on the basis that SCPDC engaged in *ultra vires* activities, by acting beyond the scope and purpose of its corporate charter, when it entered into the agreement with the Parish, and when it performs its obligations pursuant to the CEA. This raises the question of SCPDC's legal authority to engage in code construction enforcement. IECI claims that it has standing under La. C.C.P. art. 1872 to attack SCPDC's authority to engage in code construction enforcement on grounds that the CEA, under which SCPDC conducts such activities, has adversely affected its rights and status as a third-party provider. The trial court, however, found that IECI lacked standing to raise *ultra vires* claims against SCPDC under La. R.S. 12:208, which provides, in pertinent part:

> A. Invalidity of an act of a corporation … by reason of the fact that the corporation was without capacity or power to perform such act …, may be asserted only:
>
> (1) In an action by a member of the corporation to set aside such act . . . brought within one year after the act was done …, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit;
>
> (2) In an action by a member against the corporation to enjoin the performance of any act … by the corporation.

IECI asserts that SCPDC is a governmental administrative agency incorporated as a nonprofit corporation performing a governmental function. As an incorporated Louisiana non-profit corporation, pursuant to La. R.S. 12:208, only *members* of the corporation or its legal representative, or the state may attack the validity of the CEA on grounds that the corporation was without capacity or power to enter into the agreement. IECI does not allege in its petition that it is a member of SCPDC. Moreover, the record indicates that the CEA was confected by the Parish and SCPDC in 2017, whereas IECI did not file its petition challenging SCPDC's capacity to enter into the CEA with the Parish until three years later, in 2020. *See Coe v. Society of Louisiana Certified Public Accountants*, 13-892 (La. App. 5 Cir. 5/14/14), 142 So.3d 88, 90-91. Based on our *de novo* review of the record, we find no error in the trial court's ruling that IECI lacks standing to contest *ultra vires* acts of SCPDC as a basis to invalidate the CEA, or to seek any other relief based upon SCPDC's alleged lack of authority to perform its obligations and duties under the CEA.

## 2. Exception of No Cause of Action

IECI contends the trial court erred in finding that IECI's petition for declaratory judgment, supplemental relief, and damages failed to state a cause of action on the basis that no justiciable controversy exists under the facts as alleged and shown at the hearing. IECI further alleges the trial court erred in sustaining IECI's exception of no cause of action based on defendants' discretionary immunity or state action immunity.

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. *Scheffler v. Adams and Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641, 646. The purpose of the peremptory exception

raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Id.* The exception is triable on the face of the petition and any attached documents and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. *Donnaud's Inc. v. Gulf Coast Bank and Trust Co.*, 03-427 (La. App. 5 Cir. 9/16/03), 858 So.2d 4, 6, *writ denied*, 03-2862 (La. 1/9/04), 862 So.2d 985. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Scheffler*, 950 So.2d at 646. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Id.* at 646-47.

Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is *de novo.* The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Id.*

### *Justiciable Controversy*

Louisiana Code of Civil Procedure article 1871 provides for the scope of declaratory judgments, stating that "[c]ourts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be obtained." "A person interested under a deed, will, written contract or other legal writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." La. C.C.P. art. 1872.

The purpose of a declaratory judgment action is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." La. C.C.P. art. 1881. While the declaratory judgment code articles are to be "liberally construed and administered," an action can be brought "only by a person having a real and actual interest which he asserts." *Jefferson Parish Hospital Service District No. 2, Parish of Jefferson v. Hospital Service District No. 1 of the Parish of St. Charles*, 16-702 (La. App. 5 Cir. 4/12/17), 218 So.3d 696, 703, *writ denied*, 17-960 (La. 10/9/17), 227 So.3d 832 (citing *Louisiana Associated Gen. Contrs. v. State ex rel. Div. of Admin., Office of State Purchasing*, 95-2105 (La. 3/8/96), 669 So.2d 1185, 1191). Furthermore, a person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation and the declaratory judgment will remove the uncertainty or terminate the dispute. *Id*. at 704. Moreover, there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. *Id*.

In the context of a petition for declaratory judgment, a "'justiciable controversy' connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract." *Id*. (quoting *Abbott v. Parker*, 259 La. 279, 249 So.2d 908, 918 (La. 1971)). In other words, the "controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *St. Charles Parish School Board v. GAF Corporation*, 512 So.2d 1165, 1171 (La. 1987). Further, "the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment." *Jefferson Parish Hospital Service District No. 2, Parish of Jefferson*, 218 So.3d at 704.

With this foundation in mind, we look to IECI's petition for declaratory judgment to determine whether it presents a justiciable controversy. In its petition, IECI requested that the trial court declare the rights, status, and legal relations between IECI, the Parish and SCPDC, under the UCCL and the CEA, and to declare the validity or invalidity of the CEA, a contract to which IECI is not a party but to which it claims it has rights under the UCCL as a "third-party provider." "Accepting the facts as framed by the parties," the trial court determined that no justiciable controversy exists because the dispute over IECI's rights under the UCCL regarding the respective roles of IECI and SCPDC in enforcing the UCCL, is "neither immediate nor actual." We agree.

Under the Louisiana UCCL, each parish is mandated to use building code enforcement officers to enforce the provisions of the UCCL. La. R.S. 40:1730.23(A), which provides, in pertinent part:

> All municipalities and parishes shall use building code enforcement officers or certified third-party providers contracted by the municipality, parish, or regional planning commission to act in the capacity or a building code enforcement officer to enforce the provisions of this Part. Enforcement procedures by building code enforcement officers or third-party providers acting in the capacity of a building code enforcement officer shall include examination or review of plans, drawings, or specifications; the conducting of inspections; and the issuance, denial of revocation of permits.

The building code enforcement officers can be employed by each parish, or each parish can contract with regional planning commissions or other third-party contractors to act as building code enforcement officers. La. R.S. 40:1730.23(A).

La. R.S. 40:1730.24 provides for agreements with governmental entities for the provision of building code enforcement services and for private agreements. Specifically, La. R.S. 40:1730.24(A) states, in pertinent part:

> Municipalities and parishes may establish agreements
> with other governmental entities of the state or certified
> third-party providers to issue permits and enforce the
> state uniform construction code in order to provide the
> services required by this Part.

In 2017, St. Charles Parish entered into a CEA with SCPDC to provide building code enforcement services on behalf of the Parish as required by the UCCL.[5] Pursuant to the CEA, as the building code enforcement officer for the Parish, SCPDC provides plan reviews and inspection services to the Parish to confirm that commercial and residential buildings within the Parish are constructed in accordance with the UCCL. SCPDC also reviews all building or construction plans and permit applications submitted to the Parish in order to ensure compliance with the UCCL, and is charged with the responsibility of issuing, denying or revoking permits. La. R.S. 40:1730.23(A) and La. R.S. 40:1730.24(A).

IECI is a certified third-party provider that conducts plans review, inspections, and code enforcement services for commercial and residential contractors and exempt homeowners pursuant to La. R.S. 40:1730.24(B), which states, in pertinent part:

> Commercial and residential contractors and homeowners
> who are excepted from the contractor licensing law under
> R.S. 37:2170 may establish agreements with certified
> third-party providers to conduct plans review and
> inspections and enforce the state uniform construction
> code.

Here, IECI seeks a declaratory judgment interpreting the above provisions. Specifically, IECI seeks a declaration that the inspections conducted by SCPDC, as the building code enforcement officer for the Parish under La. R.S. 40:1730.24(A), and the inspections IECI conducts as a certified third-party provider on behalf of contractors and exempt homeowners pursuant to La. R.S. 40:1730.24(B), are

---

[5] Louisiana Constitution, article VII, § 14(C) provides that "[f]or a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."

"separate but equal, with neither having authority over the other." In essence, ICEI is asking for an advisory opinion as to the proper interpretation and implementation of the applicable provisions. On the record before us, we find that no actual dispute or controversy exists between IECI, SCPDC and the Parish. IECI and SCPDC are not competitors and their interests are not adverse; they merely perform separate functions under the UCCL, some of which overlap.

SCPDC is the building code enforcement officer for the Parish—IECI is not.[6] In its capacity as the building code enforcement officer, SCPDC is mandated to review plans, drawings or building specifications, conduct inspections, and to issue, deny or revoke permits, all to ensure that residential and commercial buildings constructed in the Parish are done so in compliance with the UCCL. La. R.S. 40:1730.23(A) and La. R.S. 40:1730.24(A). When SCPDC conducts an inspection of a home or a building, it is doing so solely in its capacity as a building code enforcement officer—*i.e.*, to determine whether the construction of the home or building complies with the UCCL. IECI is a third party provider who is authorized by La. R.S. 40:1730.24(B) to conduct plans review, inspections, and code enforcement on behalf of contractors and exempt homeowners. There is no provision in the UCCL that authorizes a third-party provider such as IECI—who is *not* contracted by the Parish to act in the capacity of its *building code enforcement officer*—to issue, deny, or revoke permits to, or on behalf of, the contractors and homeowners with whom it privately contracts.

---

[6] As a third-party provider, the Parish could have entered into an agreement with IECI to be its building code enforcement officer, but it did not. In Op.Atty.Gen. No. 17-0150 (02/02/2018), 2018 WL 1020016, the Louisiana Attorney General opined that La. Const. art. VII, § 14, does not prohibit certain parishes, including St. Charles Parish, from entering into a cooperative endeavor agreement with the South Central Planning and Development Commission, Inc. [SCPDC] to provide construction code enforcement services, provided that the parishes have an objective, demonstrable, and reasonable expectation that they will receive a benefit commensurate with the payments made pursuant to the agreement. La. Const. art. VII, § 14(C) states that "[f]or a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."

Instead, as a third-party provider, once it completes its inspection and prepares a report on behalf of its contractor or homeowner client, IECI must submit its inspection report to the Parish (who then gives the report to SCPDC), for review. As the building code enforcement officer for the Parish, SCPDC is obliged to ensure that the third-party provider's inspections are valid and that the construction at issue complies with the UCCL before issuing, denying or revoking a permit. There is nothing in the statute that requires the municipality or parish (or its designated code enforcement officer, SCPDC), to accept an inspection report prepared by a certified third-party provider or to issue a permit based solely on those reports.[7] Moreover, even if SCPDC does accept the third-party provider's report, under La. R.S. 40:1730.23(A), SCPDC is still mandated to ensure that the construction at issue is in compliance with the UCCL before issuing a permit, which may require SCPDC to conduct its own inspection.

The UCCL unambiguously authorizes third-party providers, such as IECI, to perform inspection services. *See* La. R.S. 40:1703.24. At the hearing, IECI asserted that it was adversely affected by the failure of the Parish and SCPDC to provide permit applicants with a list of registered third-party inspectors. However, the permit application for the Parish's Department of Planning and Zoning that IECI introduced into evidence at the hearing established that the Parish does offer applicants the option for using registered third-party inspectors, such as IECI, for building code plan review and residential home inspection services. IECI has not alleged that SCPDC is not properly performing its job as the building code enforcement officer for the Parish, or that it has acted arbitrarily and/or

---

[7]    In Attorney General's Opinion No. 13-0129A (03/17/14), the issue of inspections conducted by third-party providers was presented and the following opinion was issued stating: "[O]ur reading of La. Rev. Stat. 40:1730.24 and La. Rev. Stat. 40:1730.40(C) failed to reveal any mandatory requirement that municipalities and parishes accept third-party inspections in place of inspections conducted by their respective code enforcement departments. It is our opinion that La. Rev. Stat. 40:1730.40(C) simply authorizes municipalities and parishes to contract with certified third-party providers to issue permits, enforce the state uniform construction code, and provide other related services. In our view, such authority is discretionary."

capriciously in refusing to accept IECI's inspection reports, or acted arbitrarily and/or capriciously when issuing, denying or revoking a permit. Consequently, we find that IECI does not possess a tangible interest at stake of sufficient immediacy and reality to warrant declaratory relief. To the contrary, we find that IECI is merely seeking advice regarding the interpretation and application of the UCCL as it pertains to building code enforcement officers and third-party providers. Such does not present a justiciable controversy, but rather, amounts to no more than a request for an advisory opinion, which we cannot and will not render. *See Floyd v. East Bank Consol. Fire Protection Dist. for Parish of Jefferson*, 09-780 (La. App. 5 Cir. 4/13/10), 40 So.3d 160, 162-63, *writ denied*, 10-1094 (La. 9/3/10), 44 So.3d 689. Court are not empowered to render advisory opinions on moot or abstract issues of law. *Id.* at 163.

Based on our *de novo* review of the record, we find the trial court correctly sustained defendants' exception of no cause of action. After review of the allegations set forth in IECI's petition, we find there is no actual dispute or justiciable controversy between IECI and SCPDC, as IECI has made no showing that its interests are actually adverse to SCPDC. When the grounds of an objection pleaded by the peremptory exception of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934. *See Pearl River Basin Land and Development Co., L.L.C. v. State ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 09-84 (La. App. 5 Cir. 10/27/09), 29 So.3d 589, 594. Thus, the right to amend a petition is qualified by the restriction that the objection be curable. *Hennig v. Alltel Communications, Inc.*, 05-96 (La. App. 5 Cir. 5/31/05), 903 So.2d 1137, 1140. Where the amendment would be a vain and

useless act, such an amendment is not required by La. C.C.P. art. 934. *In re Succession of Russo*, 12-32 (La. App. 5 Cir. 5/22/12), 96 So.3d 1231, 1235. Our review of IECI's petition and the provisions of La. R.S. 40:1730.23 and La. R.S. 40:1730.24 convinces us that IECI cannot remove the grounds of the objection or cure the defect by amending its petition.

### *Discretionary Immunity* and *State Action Immunity*

In light of our findings that IECI has no legally protectable or tangible interest at stake and that no justiciable controversy exists between IECI and SCPDC and the Parish under the facts presented, we decline to issue an advisory opinion as to whether defendants enjoy discretionary immunity under La. R.S. 9:2798.1, or state action immunity under *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), in regards to the actions SCPDC takes in performing its functions as the building code enforcement officer for the Parish. *See* La. R.S. 40:1730.23(C); La. R.S. 9:2798.1; *Hawkins v. Willow*, *Inc*., 12-160 (La. App. 5 Cir. 10/16/12), 102 So.3d 900, 901-02.

### *Supplemental Relief and Damages*

Similarly, because we find that IECI has no right of action or cause of action for declaratory relief against defendants as no justiciable controversy between the parties exists, IECI likewise has no cause of action for supplemental relief or damages pursuant to La. C.C.P. art. 1878, which states: "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require *any adverse party whose rights have been adjudicated by the declaratory judgment or decree*, to show cause why further relief should not be granted forthwith." [Emphasis added.] A clear reading of the statute dictates that a declaratory judgment must be issued in favor of the petitioner before an award

for supplemental relief can be granted.  Therefore, it follows that if the declaratory judgment action fails, there can be no award of supplemental relief.  This assignment of error lacks merit.

## CONCLUSION

Accordingly, for the foregoing reasons, we affirm the trial court's judgment sustaining the exceptions of no right of action and no cause of action filed by defendants, St. Charles Parish and SCPDC, and dismissing IECI's suit for declaratory judgment and request for supplemental relief and damages with prejudice at IECI's cost.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-382

### E-NOTIFIED

29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
JAMES C. ERNY (APPELLEE)          LINDA A. HEWLETT (APPELLEE)

### MAILED

JULIE U. QUINN (APPELLANT)        JAMES M. MONTGOMERY (APPELLANT)        RYAN M. MALONE (APPELLEE)
ATTORNEY AT LAW                   ATTORNEY AT LAW                       ATTORNEY AT LAW
112 FOUNDERS DRIVE                151 ANTILL DRIVE                      3838 NORTH CAUSEWAY BOULEVARD
BATON ROUGE, LA 70810             THIBODAUX, LA 70301                   SUITE 2900, LAKEWAY THREE
                                                                       METAIRIE, LA 70002