STOKER, Judge.
We consider in this case whether a preliminary injunction granted by the trial court should be affirmed or reversed and set aside. A temporary restraining order followed by a preliminary injunction was granted to the plaintiff, The Daiquiri Factory. The injunction ran against certain law enforcement officials, law enforcement agencies and the City of Lafayette. These parties appeal. We reverse and dissolve the preliminary injunction.
FACTS
The events giving rise to this litigation occurred on June 25, 1982, a date which marked the effective date of the City of Lafayette’s “open container” ordinance and the grand opening ceremony of The Daiquiri Factory. The provisions of the ordinance are set out in Appendix I of this opinion.
The Daiquiri Factory is primarily in the business of preparing and selling alcoholic beverages in a styrofoam cup through a drive-through window. The purpose of its grand opening ceremony on the above date was to introduce a new “sealed container” which consisted of a styrofoam cup with a lid taped on. The promotion included free gifts of T-shirts, small bottles of champagne, aprons, and a copy of the new “open container” ordinance.
As a result of the promotion, traffic backed up on the shoulder of Johnston Street as drivers sought access to The Daiquiri Factory. The traffic in the travelled portion of Johnston Street was heavy and slowmoving. After receiving a complaint about the traffic, State and City Police arrived on the scene and subsequently issued more than forty traffic citations for charges including driving on the shoulder, improper passing on the shoulder, and improper stopping on the highway. The tickets were issued between 1:00 p.m. and 6:00 p.m. on June 25, 1982.
On July 2, 1982, plaintiff was granted a temporary restraining order against the City of Lafayette, Acting Chief of Police James Romero, the Department of Public Safety, Director Malcolm R. Millet, and Captain of State Police Jerry Quebedeaux. The provisions of the temporary restraining order are substantially the same as those contained in a preliminary injunction granted on August 5, 1982, which is reproduced in pertinent part in Appendix II to this opinion.
In essence, the temporary restraining order enjoined the defendants from “arbitrarily issuing traffic citations or other criminal charges to consumer motorists seeking access” to The Daiquiri Factory’s place of business. Defendants were also enjoined from arresting, prosecuting or threatening to arrest and prosecute any of plaintiff’s patrons while in private motor vehicles on public streets in Lafayette solely because they possess alcoholic beverages in containers or receptacles which have not been opened or on which the seals have not been broken. As noted above the complete text of the directive embodied in the injunctive order is set forth in Appendix II of this opinion.
After granting the temporary restraining order, District Judge Sue Fontenot orally instructed the Clerk of Court to assign the hearing for preliminary injunction to her division. Defendants objected and filed a motion to have the case allotted in accordance with the district court rules. The rules provide for assignment under a system that amounts to assignment by lot. On plaintiff’s exception of no cause of action, Judge Fontenot dismissed the motion and proceeded to the hearing on the preliminary injunction. Defendants’ application to this court for supervisory writs regarding the allotment of the case was denied.
After an evidentiary hearing, judgment was rendered granting the preliminary in *525 junction as prayed for. Defendants appeal that judgment making the following assignments of error:
“1. The District Court erred in denying defendant’s- Motion to Reallocate the assignment of this case.
2. The District Court erred in granting a Preliminary Injunction in favor of The Daiquiri Factory, Ltd. and against defendants-appellants.
3. The District Court erred in concluding that the styrofoam cup utilized by The Daiquiri Factory, Ltd., in connection with the sale of their alcoholic beverages, constituted a ‘sealed container’, within the meaning of the Open Container Ordinance, adopted by the City of Lafayette.”
For purposes of this appeal, we consider the last two assignments together.
ALLOTMENT OF THE CASE
As previously stated, defendants’ application to this court for supervisory writs seeking review of the trial court’s refusal to reallocate this case was denied with the court stating, “There appears to be no error or abuse of discretion in the ruling complained of.” We agree with this result.
Defendants argue that in ordering the clerk to assign the case to her division, Judge Fontenot violated Rule 12 of the Rules of the Fifteenth Judicial District Court of Louisiana which specifically provides a method for the allotment of cases. While it is true that Rules of Court have the effect of law on judges and litigants, we feel compelled to consider Rule 28 of the trial court’s rules which provides in part: “The foregoing rules may be altered or amended at the discretion of the judges[;] and a judge, by oral order at any time, may suspend any of said rule [sic] in a particular case or circumstance.”
Judge Fontenot made it clear in her reasons for judgment on the motion for reallocation that she invoked Rule 28 in her oral order to the Clerk to assign this case to her division. In her ruling on this matter the trial judge stated that she took this action in the interest of judicial economy and expediency. The trial judge did not err in the allocation of the case inasmuch as she relied on Rule 28. While we express no opinion as to the appropriateness of the trial court’s action directing the assignment, we note that it is not uncommon for local rules of court in multiple judge districts to provide for exceptions to be made in assignments under circumstances in which a particular judge has already given some consideration to the merits of the case. In any event, such matters as this are governed by local rules, and we cannot say that the trial court abused her discretion in interpreting Rule 28 as justifying her action.
GRANTING OF PRELIMINARY INJUNCTION
In order to obtain a preliminary injunction, the plaintiff must prove that it will suffer irreparable injury unless the injunction issues. LSA-C.C.P. art. 3601. Irreparable injury for which an injunction may be granted is “loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard.” Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).
In its petition plaintiff alleges that defendants “have, in combination and concert one with the other, embarked upon an intentional and willful course of conduct of harassment of petitioner’s consumer patrons, designed and proposed to adversely influence, impair and ultimately destroy petitioner’s business interests in connection with the sale of beverages, including alcoholic beverages.”
David Ervin, the sole shareholder of The Daiquiri Factory, testified that profits were down as a result of the police station action on June 25, 1982, but no figures were produced to support this claim. It appears to us that any damage which may have been suffered by plaintiff was pecuniary in nature and does not meet the test required for *526 a preliminary injunction. In any event, there was not sufficient proof that plaintiff lost business or will continue to lose business as a result of the alleged unlawful conduct by defendants.
Approximately thirty of plaintiff’s potential patrons who received traffic citations on June 25 testified at trial. While some of these left the scene without doing business with plaintiff, the majority remained. None of these witnesses testified that any threats were made against them regarding prosecution under the new “open container” law and there is no other evidence of such threats. Plaintiff could not be prosecuted under the law which is directed only toward occupants of motor vehicles. There is no prohibition against the sale of alcoholic beverages in open containers. See Appendix I.
In reasons for judgment, the trial court states that granting the temporary restraining order and the preliminary injunction was not intended as a directive to State or City police not to do their jobs. Rather the purpose was to restrain these officers and the governments they represent from acting arbitrarily and without probable cause. The trial court found that the officers acted without probable cause. It has been held that a plaintiff does not have to prove irreparable injury when he seeks to enjoin a defendant from a course of action forbidden by law. Smith v. West Virginia Oil & Gas Co., 365 So.2d 269 (La.App. 2nd Cir.1978), reversed on other grounds, 373 So.2d 488 (La.1979).
In our opinion the actions of the law enforcement officers were not arbitrary or without probable cause. Therefore, we believe the trial court was clearly wrong in basing the extraordinary remedy of injunc-tive relief on such tenuous grounds.
Assuming for purposes of this discussion that the defendants' actions on June 25 were unlawful, that fact alone does not entitle plaintiff to an injunction. As this court stated in Louisiana Livestock Sanitary Board v. Prather, 301 So.2d 688 (La.App. 3rd Cir.1974):
“The purpose of an injunction is not to afford a remedy for what has happened in the past, but to prevent the occurrence of acts in the future which are unlawful or injurious. The applicant for an injunction is not entitled to that type of relief unless he shows that there is a reasonable probability that the acts sought to be enjoined will occur. It is not sufficient for plaintiff to simply show that the unlawful act has been committed once by the defendant, and that plaintiff fears that it will be committed again. Simon v. Southwest Louisiana Electric Mem. Corp., 267 So.2d 757 (La.App. 3 Cir.1972); Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83 (1969).”
There was no evidence presented at the hearing on the preliminary injunction which would reasonably indicate that the events of June 25, 1982, are likely to reoccur. In such a case the harsh remedy of injunction is not available.
Our opinion in this case addresses only these issues which are pertinent to the case. We do not consider the ultimate question of whether the defendants acted beyond their authority or were simply doing their duty. We find as a fact that violation of the open container ordinance of the City of Lafayette was never an issue in the case, at least insofar as the record in this case is concerned. For this reason, we do not address the trial court’s ruling concerning the nature of the beverage container used by plaintiff and as it may be affected by the city ordinance.
With respect to the tickets issued by the law enforcement officers on June 25, 1982, the evidence at the hearing on the preliminary injunction indicates that they were given upon probable cause. The assumption that they were issued for the sole purpose of harassing plaintiff or of affecting his business promotion efforts is not borne out by the evidence. Nevertheless, as pointed out above, there was no indication on July 2 (date of granting the TRO) or on August 5, (date of the hearing on the preliminary injunction) that the events of June 25, 1982, would be repeated.
*527 If any of the parties who received tickets or citations for the traffic violations are in fact not guilty as charged, that is a matter for them to take up in defense in any criminal prosecution which may follow as a result of being ticketed. Moreover, none of those persons are parties to this proceeding and, as already noted, The Daiquiri Factory was not charged with any violation.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, the demands of the plaintiff-appellee, The Daiquiri Factory, Ltd., are rejected and it is hereby ordered, adjudged, and decreed the preliminary injunction issued herein on the 5th day of August, 1982, be dissolved. The costs of the proceedings in this matter, both in the trial court and on appeal, are assessed to plaintiff-appellee.
REVERSED AND PRELIMINARY INJUNCTION DISSOLVED.
APPENDIX I
(Excerpt From the Code of Ordinances of the City of Lafayette, Louisiana, Exhibit P-6)
SECTION 22-39. Open Containers in Motor Vehicles
(a) It shall be unlawful for any person to drink or consume alcoholic beverages in any private motor vehicle when such vehicle is upon a public street within the City limits of Lafayette, Louisiana.
(b) It shall be unlawful for a person to ' have in his possession, while in a private motor vehicle upon a public street within the City limits of Lafayette, Louisiana, any bottle, container or receptacle containing alcoholic beverages which has been opened or the seal broken, or the contents of which have been partially removed.
(c) It shall be unlawful for the owner of any private motor vehicle, or the driver thereof if the owner be not then present in the motor vehicle, to keep or allow to be kept in the motor vehicle, when such vehicle is upon a public street within the City limits of Lafayette, Louisiana, any bottle, container or receptacle containing alcoholic beverages which has been opened, or the seal broken, or the contents of which have been partially removed except when such bottle, container or receptacle shall be kept in the trunk of the motor vehicle when such vehicle is equipped with a trunk, or kept in some other area of the vehicle not normally occupied by the driver or passengers in the event that the motor vehicle is not equipped with a trunk. A utility compartment or glove compartment shall be deemed to be within the area occupied by the driver or passengers.
(d) A private motor vehicle is any motor vehicle which is not operating as a licensed passenger carrier.
(e) Whoever violates the provisions of this section shall be punished by a fine not to exceed $100 and/or a maximum sentence of 30 days in jail. Subsequent violations shall be punishable by a maximum fine of $500 and/or a maximum sentence of 90 days in jail.
APPENDIX II
(Excerpt From the Trial Court Judgment of August 5, 1982, Tr. 158)
IT IS ORDERED ADJUDGED AND DECREED that the rule nisi for a preliminary injunction heretofore issued be and the same hereby is confirmed and made final and accordingly a preliminary injunction is granted and the City of Lafayette, its Acting Chief of Police James Romero, the Department of Public Safety, its Director Malcolm R. Millet, and Jerry Quebedeaux, Captain of State Police in charge of Troop “I”, their employees, agents and/or successors hereby are enjoined, restrained and prohibited from arbitrarily issuing traffic citations or other criminal charges to consumer motorists seeking access to plaintiff’s place of business at 4893 Johnston Street solely *528 on the basis of the presence of the motorists’ vehicles at or about plaintiff’s business premises, including Johnston Street, secondary to traffic congestion occasioned by the efforts of plaintiff’s business patrons seeking to do business with plaintiff while operating their vehicles, and from arresting and prosecuting and/or threatening to arrest and prosecute any of plaintiff’s business patrons, while in a private motor vehicle upon a public street within the city limits of Lafayette, Louisiana solely because such business patrons have in their possession plaintiff’s containers or receptacles, containing alcoholic beverages, which containers or receptacles have not been opened or the seal thereof broken or the contents thereof have not been partially removed.