STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 1029

DR. STEPHEN ENWEFA & DR. REGINA ENWEFA

VERSUS

BOARD OF SUPERVISORS OF
SOUTHERN UNIVERSITY AND A & M COLLEGE

Judgment Rendered:___**MAR 1 4 2025**___

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C741460, Div./Sec. 24

Honorable Donald R. Johnson, Judge Presiding

* * * * * * *

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad<br>Jovontee Curlee<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants,<br>Dr. Stephen Enwefa and<br>Dr. Regina Enwefa |
| Brandon J. Decuir<br>Corey L. Pierce<br>Ashley J. McCullen<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Board of Supervisors of Southern<br>University and A & M College |

* * * * * * *

BEFORE: PENZATO, STROMBERG, AND CALLOWAY,[1] JJ.

---

[1] Judge Curtis A. Calloway, retired, serving *ad hoc* by special appointment of the Louisiana Supreme Court.

**PENZATO, J.**

Appellants, tenured professors, sought injunctive relief prohibiting their employer, appellee, from revoking their tenure and terminating their employment without due process. In the judgment on appeal, the trial court sustained appellee's exception of prematurity, dismissed the petition without prejudice, then sustained appellee's exception of no cause of action. After review, we vacate the portion of the judgment sustaining the exception of no cause of action and affirm the judgment in all other respects.

## FACTS AND PROCEDURAL HISTORY

Dr. Stephen Enwefa and Dr. Regina Enwefa, tenured professors at Southern University, filed a petition for injunctive relief against the Board of Supervisors for Southern University and A&M College on December 6, 2023. According to the petition, the Enwefas were placed on administrative leave on November 3, 2023, and were banned from campus and removed from all teaching duties. The Enwefas alleged the Board "'de facto' removed their tenure and effectively terminated their employment" in violation of their due process rights. They sought injunctive relief to prohibit the Board from revoking their tenure and terminating their employment without first affording them due process to which they are entitled as a matter of law and pursuant to Southern University's By-Laws and Faculty Handbook.

In response, the Board raised a dilatory exception of prematurity and a peremptory exception of no cause of action. See La. C.C.P. arts. 926(A)(1) and 927(A)(5). First, the Board asserted the petition was premature, because the Enwefas admitted they are still employed and alleged only "de facto" removal of their tenure and asserted they were "effectively" terminated. According to the Board, the Enwefas were not deprived of any property right or interest when they were placed on paid administrative leave. The Board further asserted it has not issued a formal statement of charges or begun the tenure review process –

2

prerequisite conditions to the Enwefas' cause of action that have not yet come into existence. Thus, the Board maintained the Enwefas' petition for injunctive relief was premature. For the same reason, the Board asserted the Enwefas' petition failed to state a cause of action for injunctive relief.

The Enwefas opposed both exceptions, reasserting the contentions made in their petition. Following a hearing on the exceptions, the trial court signed a judgment on April 1, 2024, sustaining the Board's exception of prematurity and dismissing the matter without prejudice. The judgment then sustained the exception of no cause of action, finding the petition failed to set forth material facts to support a cause of action upon which relief may be granted. The Enwefas timely filed this appeal.

## DISCUSSION

The Enwefas assert the trial court erred by sustaining both exceptions. We find the exception of prematurity is dispositive of this matter and focus solely on the law, evidence, and argument concerning prematurity. We further conclude the trial court erred by sustaining the Board's exception of no cause of action after sustaining the exception of prematurity and dismissing the Enwefas' petition without prejudice; therefore, we vacate that portion of the judgment.

To avoid deciding abstract, hypothetical, or moot questions, courts require cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely. *Prator v. Caddo Parish*, 2004-0794 (La. 12/1/04), 888 So.2d 812, 815-16. The dilatory exception of prematurity neither challenges nor attempts to defeat the elements of the plaintiff's cause of action; instead, the exception questions whether the cause of action has matured to the point where it is ripe for judicial determination. La. C.C.P. art. 926(A)(1); *Doe v. Banks*, 2023-0914 (La. App. 1st Cir. 3/13/24), 385 So.3d 706, 709.

The exception of prematurity raises the issue of whether the judicial cause of action has yet to come into existence because some prerequisite condition has not been fulfilled. *Benoit v. Benoit*, 2021-0865 (La. App. 1st Cir. 2/25/22), 341 So.3d 573, 579, *writ denied*, 2022-00704 (La. 6/22/22), 339 So.3d 1185. A claim is not ripe for adjudication if it depends on contingent future events that may not occur as anticipated or indeed may not occur at all. *Louisiana Federation of Teachers v. State*, 2011-2226 (La. 7/2/12), 94 So.3d 760, 764. Prematurity is determined by the facts existing at the time suit is filed. *Benoit*, 341 So.3d at 579.

When evaluating an exception of prematurity, the court may look to the evidence offered at the hearing as well as the allegations of the petition. *Doe*, 385 So.3d at 710. Documents were introduced into evidence during the hearing on the Board's exception, and the trial court made the factual determination that the Enwefas' petition for injunctive relief was premature.[2] Thus, we review the judgment sustaining the exception of prematurity under the manifest error standard of review. See N'*Dakpri v. Louisiana State Board of Cosmetology*, 2023-1213 (La. App. 1st Cir. 6/21/24), 392 So.3d 407, 415, *writ denied,* 2024-00932 (La. 11/6/24), 395 So.3d 1176.

It is undisputed the Enwefas are tenured professors, and as such, they each possess a property interest in their employment that requires due process protection under both the federal and state constitutions. *Jackson v. Board of Supervisors for Southern University and Agricultural and Mechanical College*, 2021-0241 (La. App. 1st Cir. 3/11/22), 372 So.3d 336, 347. The Fourteenth Amendment to the United States Constitution prohibits a state from depriving a person "of life, liberty,

---

[2] Specifically, the evidence establishes the Enwefas are on paid, as opposed to unpaid, administrative leave. As discussed in this opinion, paid leave is not a constitutional violation. Cf. *Delahoussaye v. Board of Supervisors of Community and Technical Colleges*, 2004-0515 (La. App. 1st Cir. 3/24/05), 906 So.2d 646, 655 (the decision to suspend tenured employee from his duties indefinitely without pay prior to affording him a hearing was arbitrary and unreasonable, and failed to accord him the safeguards of due process.)

or property, without due process of law." Article 1, § 2 of the Louisiana Constitution provides the same protection.[3]

It is also clear from the petition and evidence admitted during the hearing on the exception of prematurity that the Enwefas have not, in fact, been fired and their tenure has not been revoked. On November 3, 2023, Southern University's Interim Executive Vice President notified each plaintiff in a separate letter that various charges were made against them, they were being placed on "paid administrative leave" while the University conducted an inquiry as required by the Faculty Handbook, and they would not be allowed on campus while on administrative leave.[4]

When a violation of due process is shown, a court may enjoin the constitutional violation. *South Central Bell Telephone Co. v. Louisiana Public Service Commission*, 555 So.2d 1370, 1373 (La. 1990). A prohibitory preliminary injunction may be granted if the conduct sought to be restrained violates a prohibitory law or the constitution. Only direct violations of a prohibitory law may be enjoined without a showing of irreparable harm. *Deepwater Property Management LLC v. Citywide Development Services, L.L.C.*, 2023-0612 (La. App. 4th Cir. 3/15/24), 385 So.3d 727, 732.

Here, there has been no violation of the Enwefas' constitutional rights. It is well established that "[p]lacement on paid administrative leave does not constitute deprivation of a property interest," and does not implicate due process concerns. *Williams v. Board of Supervisors, Louisiana Community & Technical College Systems*, 2018-554 (La. App. 3d Cir. 5/15/19), 272 So.3d 84, 90. See also *Book v.*

---

[3] Because the Louisiana Constitution's guarantee of due process does not vary semantically from the Due Process Clause of the Fourteenth Amendment, federal jurisprudence is relevant in determining the nature and extent of state due process protection. Thus, we consider federal jurisprudence for guidance on this issue. *Jackson*, 372 So.3d at 347.

[4] The Enwefas assert the November 3, 2023 letters were insufficient to satisfy the due process notice requirement. We do not address this issue, which is also premature, considering the Enwefas' tenure has not been revoked, they have not been terminated, and, as discussed in this opinion, paid administrative leave does not violate due process protections.

*LaSalle Parish School Board*, 1:20-CV-00297, 2021 WL 4513522, *5 (W.D. La. 10/1/21); *Klingler v. University of Southern Mississippi, USM*, 612 F.App'x 222, 228 (5th Cir. 2015) (per curiam) (professor not deprived of a constitutionally protected property interest by being placed on paid administrative leave); and *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 545-46, 105 S.Ct. 1487, 1495, 84 L.Ed. 2d 494 (1985) (stating a public employer can avoid a due process problem by suspending a public employee with pay). See also *Devall v. Hammond Municipal Fire and Police Civil Service Board*, 14-1381, 2014 WL 6774249, *13 (E.D. La. 12/2/14). Additionally, the requirements of due process are not violated simply by failing to comply with internal rules or policies of the university. See *Jackson v. Pierre*, 810 F.App'x 276, 279 (5th Cir. 2020).[5] In the current posture of the case, there is no deprivation to be enjoined.

We also find the Enwefas' petition raises only a generalized, speculative fear of future unconstitutional action by the Board and, for this additional reason, is not ripe for review. See *Louisiana Federation of Teachers*, 94 So.3d at 763. Where a constitutional violation is at issue, the purpose of an injunction is to prevent the occurrence of future unlawful actions. See *Davenport v. Chew*, 2023-0036 (La. App. 1st Cir. 9/15/23), 375 So.3d 973, 975-76. It is not sufficient for the plaintiffs to simply show they fear unlawful acts will be committed. There must be a real threat of immediate or future unlawful acts of a nature sufficient to warrant injunctive relief. See *Hairford v. Perkins*, 520 So.2d 1053, 1059 (La. App. 3d Cir. 1987); *Daiquiri Factory, Ltd. v. City of Lafayette*, 429 So.2d 523, 526 (La. App. 3d Cir.), *writs denied*, 432 So.2d 865, 435 So.2d 441 (La. 1983); *Galle v. Coile*, 556 So.2d

---

[5] The Enwefas argue on appeal that the Faculty Handbook did not allow the Board to place them on administrative leave. A constitutional violation is not plausibly alleged simply by putting forth facts showing the defendant failed to follow its own rules. See *Jackson*, 372 So.3d at 348. The converse is true here. Placing the Enwefas on paid administrative leave did not violate their due process rights simply because the Faculty Handbook was silent on the issue. Unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation. *Jackson*, 810 F.App'x at 279 (citations omitted).

957, 959 (La. App. 3rd Cir. 1990). See also *Johnson v. Johnson*, 599 So.2d 450, 452 (La. App. 2d Cir. 1992) (plaintiff not entitled to injunctive relief to prevent a tenure hearing that was not scheduled).

Federal courts examining Article 3 (U.S. Const. art. 3, § 2, cl. 1) standing require a similar showing.[6] Specifically, a petitioner seeking injunctive relief for a threatened future injury must show the threatened injury is "certainly impending, or there is a substantial risk that the harm will occur." See *Book People, Incorporated. v. Wong*, 91 F.4th 318, 328 (5th Cir. 2024) (citations omitted). The threat of future injury must be sufficiently likely. Injuries predicated on a highly attenuated chain of possibilities or that require guesswork as to how independent decisionmakers will exercise their judgment will not suffice. See *Book People*, 91 F.4th at 328-29.

For a constitutional deprivation to occur here, the Board must terminate the Enwefas' tenure and employment without first satisfying all due process requirements – two prerequisites that may not come to fruition. See *Jackson*, 810 F.App'x at 279 (setting forth the due process requirements that must be satisfied before a tenured professor may be terminated). The Faculty Handbook sets forth the procedure for terminating the employment of tenured faculty and reflects that several individuals are involved in the hearing, recommendation, and decision-making process, from an elected faculty hearing committee to the Executive Vice President, the Provost, the Chancellor, the President, and, finally, the full Southern University Board of Supervisors. The current, hypothetical deprivation of the Enwefas' constitutional rights is predicated on a highly attenuated chain of possibilities and

---

[6] To satisfy the standing requirement, the petitioner must have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and is likely to be redressed by a favorable judicial decision. *Book People, Incorporated v. Wong*, 91 F.4th 318, 328 (5th Cir. 2024). Similarly, a suit that is premature does not present a justiciable controversy. *Louisiana Federation of Teachers*, 94 So.3d at 763. A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *American Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158, 161 (La. 1993).

would require guesswork as to how these independent decisionmakers will exercise their judgment. See *Book People*, 91 F.4th at 329; *Hairford*, 520 So.2d at 1059. Therefore, the trial court properly sustained the Board's exception of prematurity.

**DECREE**

We vacate the portion of the April 1, 2024 judgment that sustained the exception of no cause of action filed by the Board of Supervisors for Southern University and A&M College. The April 1, 2024 judgment is affirmed in all other respects. Costs of this appeal are assessed against Dr. Stephen Enwefa and Dr. Regina Enwefa.

**VACATED IN PART, AFFIRMED IN PART.**